[S. F. No. 4224. In Bank.—October 12, 1905.]

DENT H. ROBERT, Petitioner, v. POLICE COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and A. J. FRITZ, Judge, Respondents.

SAN FRANCISCO CHARTER—CONSTITUTIONAL LAW—JURISDICTION OF PO-
    LICE COURT—CONCURRENT JURISDICTION OF MISDEMEANORS.—Under
    section 5 of article VI of the constitution the superior court has

jurisdiction of misdemeanors "not otherwise provided for," and the provision of the San Francisco freeholders' charter giving the city police court "concurrent jurisdiction with the superior court" of all other misdemeanors than those arising under the violation of ordinances committed within the city and county is unconstitutional and void. Such provision of the charter cannot be construed as giving exclusive jurisdiction of other misdemeanors to the police court.

Id.—RULE OF CONSTRUCTION AS TO UNCONSTITUTIONAL PROVISIONS—PARTIAL EFFECT.—It is a general rule of construction that if a provision be unconstitutional it cannot be given effect in part, if the result of giving it such partial effect would be to accomplish a purpose which the law-making power never intended, or where the legislative intent is doubtful.

Id.—REGULATION OF OFFENSES DEFINED BY STATE LAW.—The jurisdiction of offenses defined by state law must be regulated by state law, and cannot be altered or qualified by any provision of a freeholders' charter. [Per Beatty, C. J., and Henshaw, J.]

PETITION for Writ of Prohibition against the Police Court of the City and County of San Francisco. A. J. Fritz, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, for Petitioner.

Frank H. Gould, for Respondents.

LORIGAN, J.—This is a proceeding in prohibition, to restrain the respondents from proceeding to try the petitioner in the police court of the city and county of San Francisco before a jury upon a charge of criminal libel, the question involved being whether, under the freeholders' charter of said city and county, the police court thereof has jurisdiction to try (not to hold a preliminary examination in) a prosecution for such an offense.

It is insisted by the petitioner that the police court has been invested with no such jurisdiction, and that a trial for the offense with which he is charged can only be had before the superior court. There can be no question but that under section 5 of article VI of the constitution, conferring jurisdiction upon the superior court in all cases of felony "and cases of misdemeanor not otherwise provided for," the trial of misdemeanors, of the class to which the offense of libel belongs, has up to the present time been had exclusively before

the superior court under such constitutional provision. Offenses of this class are popularly known as "high misdemeanors," so designated because, as the legislature had made no provision for their trial by any inferior court, they are required, under the constitutional provision, to be tried in the superior court. And under such constitutional provision they must still be exclusively tried there, unless their prosecution in some other court is otherwise provided for. (*Green* v. *Superior Court,* 78 Cal. 556, [21 Pac. 307, 541].)

Such provision, it is insisted by respondents, has now been made and exclusive jurisdiction conferred upon the police court of the city and county of San Francisco to try all misdemeanors of which the superior court theretofore had jurisdiction. They base this claim upon the provisions of the freeholders' charter of the city and county of San Francisco, which defines the jurisdiction of the police court thereof, under power conferred by the constitution which it is contended authorized it to be done. Section 8½ of article XI of the constitution, which is relied on as conferring this power, in as far as its provisions are presently involved, declares that "It shall be competent in all charters framed under the authority given by section 8 of article XI of this constitution, to provide, in addition to those provisions allowable by this constitution and by the laws of the state, as follows: First, for the constitution, regulation, government and jurisdiction of police courts . . ." The clause in the freeholders' charter, under which it is claimed jurisdiction was conferred upon the police court under the constitutional provision, is as follows: "Section 2. The police court of the city and county of San Francisco shall have: First. Exclusive jurisdiction of all prosecutions for the violation of ordinances of the board of supervisors. Second. Concurrent jurisdiction with the superior court of all other misdemeanors and of the examination of all felonies committed in the city and county. Third. Said court or any judge thereof shall have the same powers in all criminal actions, cases, examinations and proceedings as are now or may hereafter be conferred by law upon justices of the peace." The only provision of section 2 which can be insisted upon as conferring jurisdiction upon the police court to try the offense with which petitioner is charged is the second subdivision thereof, which purports to

give the police court "concurrent jurisdiction with the superior court of all other misdemeanors." This is obvious from a consideration of the other subdivisions of the section, the first of which provides for jurisdiction in cases of municipal misdemeanors, and the third for the exercise of the same jurisdiction (under the ample designation of "powers") as is possessed by justices of the peace in cases of misdemeanors under the general law. The only other misdemeanors, with jurisdiction to try which said police court could be invested, would be "high misdemeanors" of the class to which criminal libel belongs, jurisdiction to try which theretofore rested exclusively in the superior court.

In fact, it is contended by respondents that this was the purpose sought to be accomplished by the second subdivision, and the only question necessary to consider (though others are presented by counsel for petitioner) is, Did it have that effect? It is claimed by petitioner that it did not; that it was not within the power of the freeholders to give jurisdiction to the police court "concurrent" with the superior court of any misdemeanor, and that the attempt to do so is unconstitutional. Under the constitutional provision (section 5 of article VI) it is evident that the jurisdiction conferred upon the superior court in cases of misdemeanors is exercised by it exclusively or not at all. It is a provisional jurisdiction which, however, must be exercised solely by that court until the legislature or equally competent authority has provided for its exercise by some inferior court. When provision is so made transferring this jurisdiction to some other court, the superior court is ousted of its jurisdiction *ipso facto.* And as it must possess original jurisdiction in the absence of any transfer of jurisdiction to an inferior court, and loses its jurisdiction entirely by the transfer, it is clear that it cannot have concurrent jurisdiction with any other court in any case of misdemeanor. (*Green* v. *Superior Court,* 78 Cal. 556, [21 Pac. 307].) Hence it necessarily follows that as the superior court cannot have concurrent jurisdiction with the police court of the city and county of San Francisco in any case of misdemeanor, the attempt of the freeholders to confer concurrent jurisdiction is one to which legal effect cannot be given.

All this is conceded by the respondents, but they insist that

the words "concurrent . . . with the superior court" were inserted by the freeholders under either misapprehension of fact or misconception of law, and should be treated as surplusage, and the rest of the section construed to read that said police court shall have "jurisdiction of all other misdemeanors." The legal effect of this construction would be to have the charter declare that exclusive jurisdiction over cases of misdemeanors is conferred upon the police courts. Manifestly, from the use of words of plain legal import, this is not what the framers of the charter said, and we do not feel warranted under any rule of construction to which our attention has been called in saying that they intended to effect a purpose which they did not declare. It is a general rule of construction that if a general provision be subject to attack on the ground that it is unconstitutional it cannot be given effect in part, if the result of giving it such partial effect would be to accomplish a purpose which the lawmaking power never intended or where the legislative intent is doubtful. (*Spraigue* v. *Thompson,* 118 U. S. 99, [6 Sup. Ct. 988] ; *In re Wong Hane,* 108 Cal. 683, [41 Pac. 693, 49 Am. St. Rep. 138].) Applying this rule to the subdivision of the charter in question, it cannot be said that there is an expression of legislative intent that exclusive jurisdiction should be vested in the police court as to all misdemeanors of which the superior court theretofore had jurisdiction. On the contrary, it is evident that the framers of the charter did not intend to confer it. It was optional with them whether they should confer any jurisdiction at all upon the police court as to the trial of high misdemeanors. They concluded, however, to do so, not by investing the police court in terms with exclusive jurisdiction thereof, but concurrently only with the superior court. It was intended, as far as the provision of the charter discloses an intention, to leave the matter of jurisdiction as between these two tribunals entirely at large,—not to take it away from the superior court, but to permit it to be exercised by either court. It is clear that this attempt to confer concurrent jurisdiction could not be legally accomplished. They supposed they had the power to do so, and it cannot be said that if they were advised they did not have this power they would have disturbed the original jurisdiction of the superior court. They undoubtedly acted under a misconception of law, but this cannot affect the application

of the rule of construction. Such misconception is the fruitful source of most invalid legislation. The rule of construction, however, deals only with the matter of legislative intention as disclosed by the language of the enactment. The provision of the charter discloses clearly that it was the intention of the framers thereof to have the jurisdiction of the police court operate concurrently with that of the superior court, and as it cannot operate as they intended, under the rule of construction we have referred to, it cannot operate at all. To hold otherwise would be to force upon the charter provision an extension of jurisdiction in favor of the police court beyond what the framers thereof clearly and expressly intended and beyond what it can be said they would have given it had they been advised that it was impossible to confer jurisdiction "concurrent . . . with the superior court" upon it.

From these considerations we are of the opinion that subdivision 2 of section 2 of the charter is invalid; that it is ineffectual to confer jurisdiction upon the police court of the city and county of San Francisco to try the offense with which the petitioner is charged; that original jurisdiction remains in the superior court; that the petitioner is entitled to the writ of prohibition as prayed for, and it is so ordered.

Shaw, J., Angellotti, J., McFarland, J., and Van Dyke, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment upon the ground discussed by Justice Lorigan, and upon the further and to my mind more important and more satisfactory ground that the jurisdiction of offenses defined by state law must be regulated by general state law, and that such regulations cannot be altered or qualified by any provision of a freeholders' charter. The trial and punishment of offenses defined by the laws of the state is not a municipal affair. Jurisdiction of such offenses may be conferred upon police courts by act of the legislature, but cannot be conferred by special freeholders' charter, and certainly not in a manner which will impair the operation of general laws.

Henshaw, J., concurred.