[S.F. No. 23038. In Bank. Nov. 22, 1974.]

JACK LEAMING, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN JOSE-MILPITAS
JUDICIAL DISTRICT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Shelton, Packard & Jay and Beth J. Jay for Petitioner.

Richard S. Buckley, Public Defender (Los Angeles), and Dennis A. Fischer, Deputy Public Defender, as Amici Curiae on behalf of Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James and Doris H. Maier, Assistant Attorneys General, W. Eric Collins and Sanford Svetcov, Deputy Attorneys General, for Respondent and for Real Party in Interest.

## OPINION

**CLARK, J.** — Charged with indecent exposure in a felony complaint alleging three prior convictions of the same offense (Pen. Code, § 314),[1] petitioner seeks a writ of prohibition to restrain respondent court from conducting a preliminary hearing. Petitioner contends that indecent exposure is a misdemeanor, regardless of prior convictions. He argues that the provision of section 314 making repeated offenses felonies punishable by imprisonment in state prison for not less than one year was invalidated in its entirety when the indeterminate life-maximum sentence for such offenses was declared unconstitutional in *In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921]. We deny the writ.

The petitioner in *Lynch* was a state prison inmate convicted over five years earlier of indecent exposure with a like prior and sentenced to an indeterminate life-maximum term. His petition for writ of habeas corpus raised the question "whether the aggravated penalty for second-offense indecent exposure provided by Penal Code section 314 violates the prohibition of the California Constitution against cruel or unusual punishments. (Cal. Const., art. I, § 6.)" (8 Cal.3d at p. 413.) This court held the penalty violated that prohibition because "although not cruel or unusual in its method, it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*Id.* at p. 424; fn. omitted.)

However, by holding that "the recidivist provision of section 314 is void" (8 Cal.3d at p. 439), this court invalidated only the indeterminate life-maximum term—not the entire recidivist provision. The narrow scope of the holding was made clear in the final paragraph of the opinion. Addressing the question of relief, the court set forth the two alternative theories also advanced by the parties to this case: that second offense indecent exposure either reverts to the misdemeanor status it shared with

---

[1]Penal Code section 314 provides: "Every person who willfully and lewdly, either [¶] 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby, or, [¶] 2. Procures, counsels, or assists any person so to expose himself or take part in any model artist exhibition, or to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to excite to vicious or lewd thoughts or acts, is guilty of a misdemeanor. [¶] Upon the second and each subsequent conviction under subdivision 1 of this section, or upon a first conviction under subdivision 1 of this section after a previous conviction under Section 288 of this code, every person so convicted is guilty of a felony, and is punishable by imprisonment in state prison for not less than one year."

All statutory references in this opinion will be to the Penal Code.

simple indecent exposure prior to the 1952 amendment of the statute, or remains a felony but is punishable by the general five-year maximum term of imprisonment prescribed by section 18. No choice was made between these theories, the court concluding that whichever was correct, the petitioner had been imprisoned long enough to be entitled to immediate release. (8 Cal.3d at p. 439.) Thus, in *Lynch*, because it was unnecessary to do so, this court did not decide the issue now presented. Inasmuch as cases are not authority for propositions not considered (*In re Tartar* (1959) 52 Cal.2d 250, 258 [339 P.2d 553], and cases cited therein), we can examine this issue afresh.

In 1952, the statute prohibiting indecent exposure, then numbered section 311, was amended to add the recidivism provision challenged here. "Upon the second and each subsequent conviction under subdivision 1 of this section, or upon a first conviction under subdivision 1 of this section after a previous conviction under Section 288 of this code [lewd or lascivious acts upon a child under 14], every person so convicted is guilty of a felony, and is punishable by imprisonment in the state prison *for not less than one year.*" (Stats. 1953, First Ex.Sess. 1952, ch. 23, § 4, p. 381; italics added.) ■ The question presented by this case is whether the italicized provision, held unconstitutional in *Lynch*, is severable from the remainder of the statute.

■ An unconstitutional provision is severable from a statute if the remainder is "complete in itself" and would have been adopted without the severed provision. (*People* v. *Navarro* (1972) 7 Cal.3d 248, 260 [102 Cal.Rptr. 137, 497 P.2d 481]; *In re Bell* (1942) 19 Cal.2d 488, 498 [122 P.2d 22].)

■ The remainder of the recidivist provision in section 314 is complete in itself if the unconstitutional life-maximum term is severed from it. Read in light of section 18,[2] it provides that a recidivist is guilty

---

[2]Section 18 provides: "Except in cases where a different punishment is prescribed by any law of this State, every offense declared to be a felony is punishable by imprisonment in any of the state prisons, not exceeding five years; provided, however, every offense which is prescribed by any law of the State to be a felony punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both. [¶] This section shall not be construed to apply to offenses set forth in Division 10 of the Health and Safety Code [§ 11000 et seq.], nor to any offense which is prescribed by any law of this State to be a felony punishable by imprisonment in any of the state prisons, but without alternative of fine."

Petitioner contends section 18 is inapplicable because it provides that "[t]his section shall not be construed to apply . . . to any offense which is prescribed . . . to be a felony punishable by imprisonment in any of the state prisons, but without alternative

of a felony punishable by imprisonment in state prison for not more than five years.

It is contended the recidivist paragraph would not have been adopted without the severed provision. The Legislature made recidivism a felony punishable by imprisonment in state prison—so the argument goes—simply as a means of subjecting recidivists to the state's control for a life-maximum term, such a term for a misdemeanor punishable by a county jail sentence being "an analytic oddity and a practical impossibility." Be that as it may, the conclusion that the invalidated life-maximum term should therefore be held inseverable from the remainder of the recidivism paragraph is a complete non sequitur. Such a holding would entirely frustrate the Legislature's intent, while severance at least partially fulfills it by permitting the state to retain control over recidivists for five years, rather than one.

Moreover, the Legislature has expressed its will on the question of severance. The legislation reenacting the indecent exposure statute as section 314 concluded with the proviso, "If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are severable." (Stats. 1961, ch. 2147, § 9, p. 4432.) Amicus curiae contends the severability clause was intended to apply only to the section of the act substantially revising the law of obscenity, not to the section merely reenacting the indecent exposure statute. Concern over anticipated attacks on untested provisions of the obscenity legislation may well have been the primary reason for the inclusion of a severability clause in the act. However, the clause appears at the end of the act, not immediately after the section dealing with obscenity, and applies by its express terms to "any" provision of the act.

In its present posture this case does not present the question whether—nor does petitioner contend that—a maximum term of five years imprison-

---

of fine," and section 314 does not provide for the alternative of a fine. Although it refers to "[t]his section," the limitation is applicable only to the proviso that "every offense which is prescribed by any law of the State to be a felony punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both." If the limitation pertained to the remainder of the first paragraph, the state would be without a general punishment provision applicable to felonies for which no fine is specifically authorized as an option. Offering false evidence is such a felony. (Pen. Code, § 132.) In *In re Jones* (1971) 5 Cal.3d 390, 393, footnote 1 [96 Cal.Rptr. 448, 487 P.2d 1016], we stated that it was punishable by imprisonment for not less than six months nor more than five years under sections 18 and 18a.

ment is cruel or unusual punishment for the crime of indecent exposure with three prior convictions of the same offense.

The petition for writ of prohibition is denied.[3]

Wright, C. J., McComb, J., Sullivan, J., and Burke, J.,* concurred.

**MOSK, J.**—I dissent.

As the majority recognize, the sole issue here is whether the language of the 1952 amendment to Penal Code section 314 said to authorize a felony prosecution for second-offense indecent exposure is severable from the life-maximum penalty for recidivism we held unconstitutional in *In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921]. I cannot join in the majority's cavalier disregard of the clear lesson of legislative history on this subject.

The majority assert (*ante*, p. 817) that the Legislature has "expressed its will" on the present issue by the enactment of a formula "severability clause" in 1961. In the circumstances, however, it is not reasonable to believe that the addition of a severability clause at that time was intended to cure an oversight occurring nine years earlier. It is true that the 1961 statute repealed section 311 and reenacted the offense of indecent exposure as section 314. But the repeal and reenactment were mere formalities dictated by the necessities of a larger statutory rearrangement; other than the change in numbering, the new section 314 was essentially identical to the corresponding provisions of former section 311.[1]

There is a far more plausible explanation for the inclusion of a severability clause in 1961. As an examination of its provisions demonstrates,

---

[3]Petitioner's contention that he has been denied a speedy trial lacks merit. He was arraigned on a misdemeanor charge of indecent exposure on 21 November 1972. After a number of continuances, trial was set for 13 February 1973. On that date the misdemeanor complaint was abandoned and petitioner was arraigned on this felony complaint. Petitioner may not complain of the fact that the misdemeanor trial was set more than 45 days after his arraignment, because the continuances were at his request. (Pen. Code, § 1382.) Nor may petitioner complain of the filing of the felony complaint. Dismissal of a misdemeanor complaint does not bar a felony prosecution. (Pen. Code, § 1387.) There is no evidence in the record to support petitioner's claim that the felony complaint was filed because he refused to plead guilty to the misdemeanor charge.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

[1]The only modification in the definitional portions of these two sections (subds. 1 and 2) was the correction of a typographical error in the word "adapted"; the only change in their recidivist provision was the deletion of the word "the" preceding the words "state prison."

the primary purpose of the 1961 legislation was to rewrite the entire law of obscenity in California. To that end the act (§§ 1-4) repealed the few preexisting sections on the topic (former Pen. Code, §§ 311-314) and enacted (§ 5) a complete new chapter of the Penal Code (§§ 311-311.9) which defined "obscene matter" in terms of the then-current decisions of the United States Supreme Court, prohibited a wide variety of conduct relating thereto, and prescribed a complicated system of penalties. Many of these provisions were controversial and untested in the courts, and the severability clause was doubtless added in an effort to preserve as much of the new obscenity legislation as possible against constitutional attack.

In any event, although a severability clause is persuasive evidence of legislative preference, it is not conclusive on the issue. (*People* v. *Navarro* (1972) 7 Cal.3d 248, 261 [102 Cal.Rptr. 137, 497 P.2d 481]; *Bason Service Corporation* v. *Huss* (1926) 199 Cal. 21, 34-35 [248 P. 235].) "Such a clause, despite its positive terms, does not deprive the judiciary of its normal power and duty to construe the statute to determine whether the unconstitutional part so materially affects the balance as to render the entire enactment void. If the court reaches the latter conclusion, it will annul the statute as a whole." (*California Emp. etc. Com.* v. *Payne* (1947) 31 Cal.2d 210, 214 [187 P.2d 702]; accord, *Fort* v. *Civil Service Commission* (1964) 61 Cal.2d 331, 339-340 [38 Cal.Rptr. 625, 392 P.2d 385].) The question remains, what was the intent of the Legislature in adopting the 1952 amendment?

In answering that question the majority may have been misled by their own cursory statement of the rules governing severability. Fully explained in an earlier decision of our court, the rules are as follows: "Whether a statute containing an unconstitutional provision, with others which are constitutional, will be sustained as to those which are constitutional and held invalid merely as to those which are not, depends upon the nature of the different provisions in view of the evident purpose of the legislature. If the provisions are so interdependent that those which are invalid are to be regarded as the condition or consideration upon which others were enacted, and it is evident that the legislature would not have enacted the statute except in its entirety, and did not intend that any part should have effect unless the whole could be made operative, the entire statute must be held invalid. On the other hand, if the different parts of the statute are severable and independent of each other, and the provisions which are within the constitutional power of the legislature are capable of being carried into effect after the void part has been eliminated, and it is clear from the statute itself that it was the intent of the legislature to enact these provisions irrespective of the others, the unconstitutional provisions will

be disregarded and the statute read as if these provisions were not there." (*Hale* v. *McGettigan* (1896) 114 Cal. 112, 119 [45 P. 1049]; accord, *People* v. *Barksdale* (1972) 8 Cal.3d 320, 333 [105 Cal.Rptr. 1, 503 P.2d 257]; *People* v. *Navarro* (1972) *supra,* 7 Cal.3d at p. 260.) The critical inquiry in each case is therefore the intention of the Legislature, and severance will not be permitted if its consequences would be "to accomplish a purpose which the lawmaking power never intended or where the legislative intent is doubtful." (*Robert* v. *Police Court* (1905) 148 Cal. 131, 135 [82 P. 838]; accord, *O'Kane* v. *Catuira* (1963) 212 Cal.App.2d 131, 141 [27 Cal.Rptr. 818, 94 A.L.R.2d 487].)

The majority fail to undertake the careful analysis required by these rules. Instead, they offer the conclusionary observation that after deletion of the language held invalid in *Lynch* and with the assistance of the general directive of Penal Code section 18, the remainder of the recidivist provision of section 314 is "complete in itself." (*Ante,* p. 816.) But it is not enough merely to put a period after the word "prison" in the last paragraph of section 314 and determine whether the remaining sentence is intelligible. Our task, regretfully, is not so easy. The fact that the remainder of a partially unconstitutional statute may be grammatically complete and "capable of being carried into effect" is a necessary but not a sufficient condition for severance. We must also be persuaded, as noted above, that "it was the intent of the legislature to enact" that remainder irrespective of the invalid provisions. (*Hale* v. *McGettigan* (1896) *supra,* 114 Cal. 112, 119.) Applying these principles, we denied severance in *In re Perez* (1966) 65 Cal.2d 224, 232 [53 Cal.Rptr. 414, 418 P.2d 6], because "Deletion of the unconstitutional part of former [Penal Code] section 1203.2a would leave a coherent statute *complete in itself,* but not one that the Legislature would have adopted had it foreseen the partial invalidation of the statute." (Italics added.) The majority's truncated reasoning thus conflicts with *Perez* and the numerous decisions that it typifies.

Nor is there any mystery about the legislative intent underlying the 1952 amendment to section 314. It may be found by examining, as courts traditionally do, "the history and purposes of the legislation." (*People* v. *Navarro* (1972) *supra,* 7 Cal.3d 248, 261.) In 1949 the Legislature authorized an extensive investigation into the problem of sexual offenses in California. The Subcommittee on Sex Crimes of the Assembly Interim Committee on Judicial System and Judicial Process held hearings, gathered information, and filed a preliminary report in March 1950 and a final report on April 11, 1951. In the latter document the committee made a number of recommendations for legislative action. It proposed, inter alia, that an alternative sentence of imprisonment for "an indeterminate period of one day to

life" be provided for certain convicted sex offenders. The committee urged that such a penalty be enacted forthwith for specified felonies involving aggressive sexual behavior.[2] The committee then recommended that "after experience with this alternative sentence has been developed and sufficient personnel trained to handle its machinery, the Legislature consider extending this alternative sentence to convictions for *certain misdemeanors such as exhibitionism, molesting children,* etc." (Italics added.) (2 Assem. J. (1951 Reg.Sess.) pp. 2837-2838.)

It will be observed the committee did not recommend that the misdemeanors in question be elevated to felonies. Indeed, from the fact they were made the subject of a separate recommendation conditioning the increased sentence on the development of special "experience" in its operation and "personnel trained to handle its machinery," it appears the committee may have intended the named offenses to remain misdemeanors despite the change in penalty. But whatever intent the committee may or may not have entertained on that subject, there can be no doubt that the proposed sentence was highly unusual.[3] Its novelty demonstrates that the committee's purpose was not simply to reclassify indecent exposure and child molestation, but to bring about a far-reaching revision in the theory and technique of handling sex offenders in California.

In chapter 23 of the statutes adopted at its first session following receipt of the committee report, the Legislature undertook to convert these recommendations into law. (Stats. 1953, First Ex.Sess. 1952, ch. 23, p. 380.) No change was made in the penalty for lewd and lascivious acts upon a child, already fixed at imprisonment from one year to life; and as to the other offenses mentioned by the committee the Legislature opted for the more traditional minimum sentence of one year in state prison. The major thrust of the amendment, however, followed the committee's principal recommendations into law. (Stats. 1953, First Ex.Sess. 1952, ch. 23, p. 380.) as the maximum sentence for each of these offenses, the Legislature decreed that in all such cases the maximum would thereafter be the term of the defendant's natural life.[4]

---

[2]The felonies mentioned were lewd and lascivious acts upon a child (Pen. Code, § 288), and, when accompanied by force or threat of force, rape (§ 264), sodomy (§ 286), and oral copulation (§ 288a).

[3]Confinement for a period of "one day to life" is obviously the most indeterminate term conceivable. Short of releasing him the very day he is committed, a defendant could not be imprisoned for either a greater or lesser duration. No such provision has ever been enacted in California as punishment for crime.

[4]Thus section 1 of chapter 23 increased the penalty for rape (Pen. Code, § 264) from 1 to 50 years to 3 years *to life.* Section 2 increased the penalty for sodomy (§ 286) from 1 to 20 years to 1 year *to life.* Section 3 increased the penalty for

This pattern must be viewed as deliberate. It establishes that the concern of the Legislature, like that of the committee, was to extend the state's control over the lives of all persons who engage in the proscribed forms of sexual conduct. To achieve this goal the amendment in effect authorized the confinement of such persons for any period—however long—deemed necessary for their rehabilitation and for the protection of society.

In so providing, the amendment also made second-offense indecent exposure a felony. But we can now see that the change was purely incidental to the foregoing purpose of the legislation. Before 1952 exhibitionism was a misdemeanor and hence was punishable by a maximum sentence of six months in county jail and/or a fine not exceeding $500. (Pen. Code, § 19.) An indeterminate sentence of life imprisonment in a county jail, however, would have been an analytic oddity and a practical impossibility. Accordingly, to accomplish its purpose the Legislature was required to provide that recidivist exhibitionists would be sentenced to state prison. Clearly the felony status which followed from that provision was not an end in itself, but a means to an end.

The majority call this reasoning a non sequitur, and argue that severance "partially fulfills" the Legislature's intent by permitting the state to retain control over these individuals for at least five years. (*Ante,* p. 817.) But we simply have no idea whether the Legislature would wish the general five-year term provided by section 18 for felonies *without* specific penalties to apply to a crime for which it *had* prescribed a particular punishment. By its terms section 18 is inapplicable "in cases where a different punishment is prescribed by any law of this State. . . ." (*Ante,* p. 816, fn. 2.) At least at the time of its enactment, the recidivist paragraph of section 314 was undoubtedly such a law.

By applying section 18 despite this fact, the majority read into the statute a further, unwritten exception, i.e., "except in cases where a court has held unconstitutional the law prescribing a different punishment. . . ." The majority cite no authority for this piece of judicial legislation, and do not even attempt to justify it. In my view, we should not thus search the Penal Code for some punishment we feel fits the crime. Respect for the constitutional prerogative of the Legislature to define crimes and prescribe punishments (see *People* v. *Bauer* (1969) 1 Cal.3d 368, 375 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398]; *People* v. *Knowles* (1950) 35

forcible oral copulation (§ 288a) from 1 to 15 years (or 1 year in county jail) to 3 years *to life.* And sections 4 and 5 increased the penalty for indecent exposure and child molestation, in cases of recidivism, from maximums of 1 and 5 years to 1 year *to life.*

Cal.2d 175, 181 [217 P.2d 1]; *People* v. *Tanner* (1935) 3 Cal.2d 279, 298 [44 P.2d 324]) should compel us to defer to that body for the proper penalty for the second-offense indecent exposure after *Lynch.*[5]

I conclude that the Legislature did not intend to enact the felony provision of the 1952 amendment irrespective of the life-maximum sentence provision ruled invalid in *Lynch.* Rather, "It is evident that the legislature would not have enacted the statute except in its entirety, and did not intend that any part should have effect unless the whole could be made operative" (*Hale* v. *McGettigan* (1896) *supra,* 114 Cal. 112, 119.) Applying the rules stated hereinabove, I would therefore hold that the felony provision of section 314 is inseverable from the unconstitutional portion of the statute and cannot support the present felony prosecution.

Tobriner, J., concurred.

---

[5]There are strong indications the Legislature is satisfied with misdemeanor punishment for second-offense indecent exposure. Not only has no felony punishment for this crime been enacted in the interval since *Lynch,* but an affirmative trend appears in favor of a lesser punishment. We noted in *Lynch* (8 Cal.3d at p. 437) that the proposed new California Criminal Code would declare indecent exposure to be a "misdemeanor of the second degree," i.e., punishable by a county jail sentence not exceeding six months and/or a fine not exceeding $500, and would not increase this penalty for second or subsequent offenses. At the time of *Lynch* this measure had merely been introduced in the Legislature. Since then, however, it has met with significant approval. Although the Assembly did not take final action on the bill before the adjournment of the recent session, the measure passed the Senate on January 21, 1974, by a two-to-one margin, with the provisions relating to indecent exposure remaining intact.