[No. B011184. Second Dist., Div. Six. Feb. 10, 1987.]

DONALD LINVILL et al., Plaintiffs and Appellants, v.
EUGENE PERELLO et al., Defendants and Respondents.

Counsel

Ferguson, Regnier & Paterson, Richard A. Regnier and Noel A. Klebaum for Plaintiffs and Appellants.

Ives, Kirwan & Dibble, R. Stephen Kinnaird and Thomas P. Minehan for Defendants and Respondents.

**Opinion**

**ABBE, J.**—In this action appellants complain of personal injury and property damages allegedly caused by floodwaters which were diverted onto their

land by a levee built on respondents' land. The sole issue which we are called upon to decide is whether a property owner must act as a reasonable person under all the circumstances when building barriers to protect his property from damage by floodwaters. We hold he must.

## FACTS

Appellants and respondents all reside near the intersection of Peres Lane and State Highway 126 in Ventura County.

A natural water course (the barranca) flows from north to south in a channel located immediately west of appellants' properties. Peres Lane runs along the eastern boundary of appellants Leons' and Hicks' properties, approximately parallel to the barranca. Respondents' property lies along the eastern edge of Peres Lane. Appellant Linvill's property lies immediately to the southwest of respondents' property across the state highway.

The barranca has a history of breaching its banks at an "S" curve north of the properties in question during times of flood. Prior to the construction of respondents' levee, when the waters breached they flowed in a southeasterly direction in a sheet across the land of all the parties and did not cause heavy damage.

After the floods of 1969, respondents built a levee entirely on their land on the western edge of the property along Peres Lane.

In 1980 floodwaters again breached the banks of the barranca, but this time the easterly flow of water was stopped by respondents' levee. Instead of flowing across respondents' land in a sheet, the water was forced into a southerly direction along Peres Lane, gaining in volume and momentum, and allegedly causing the damage of which the appellants complain.

Appellants' claim the erection and maintenance of respondents' levee was negligence, constituted a nuisance, and was a substantial factor in causing the injuries they sustained.

Respondents moved for summary judgment based on the theory that the "common enemy doctrine" relieves a landowner of liability where he builds protective barriers on his own property to divert floodwaters, even if the waters are diverted onto the land of others with resultant damage. The court granted respondents' motion.

Appellants contend the trial court erred in granting summary judgment because whether the respondents acted reasonably in light of all the circum-

stances in erecting and maintaining a levee presents a triable issue of fact. We agree and reverse.

### DISCUSSION

Summary judgment is properly granted where the evidence in support of the moving party, here the respondents, is sufficient to establish a complete defense to appellants' claims, and there is no triable issue of fact. (*Sprecher* v. *Adamson Companies* (1980) 30 Cal.3d 358, 362 [178 Cal.Rptr. 783, 636 P.2d 1121]; *Frazier, Dame, Doherty, Parrish & Hanawalt* v. *Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331, 338 [138 Cal.Rptr. 670].)

The respondents' argue that if the common enemy doctrine requires a landowner to act reasonably in erecting defensive measures against flood-waters, the requirement of reasonableness is satisfied, as a matter of law, if the landowner (1) erects such defensive measures on his own land; (2) does not obstruct or interfere with the natural channel of the stream; and (3) does not divert the natural flow of the water in such natural channel. The respondents contend if their conduct meets these criteria, they have established a complete defense to the appellants' claims, and there is no triable issue of fact. We disagree.

Respondents' contention runs counter to a fundamental principle of tort law codified in Civil Code section 1714 that everyone is responsible for an injury occasioned by his want of ordinary care or skill in the management of his property or person. In the absence of a statutory provision declaring an exception to the principle enunciated by section 1714, no such exception should be made unless clearly supported by public policy. (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 112 [70 Cal.Rptr. 97, 443 P.2d 561]; *Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d at p. 363.)

In *Rowland* v. *Christian, supra,* 69 Cal.2d at pages 112-113, the California Supreme court stated "[a] departure from this fundamental principle involves the balancing of a number of considerations; the major ones are the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. [Citations.]"

It was recognized under the common law that a landowner's liability for harm caused by artificial conditions was determined in accord with ordinary

principles of negligence (Prosser & Keeton, Law of Torts (5th ed. 1984) § 57 at pp. 390-391). The California Supreme Court held in *Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d 358, that the same principles apply to natural conditions. Respondents claim an exception to these rules when the artificial condition is created and maintained to divert floodwaters.

It is apparent that the distinction between conditions created and maintained to divert floodwater and conditions created and maintained on the possessor's land for other purposes, bears little relationship to the major factors set forth in *Rowland* v. *Christian, supra,* 69 Cal.2d 108, which determine whether immunity should be given to a landowner. Such factors have little, if any, relationship to whether the condition was created to divert floodwaters or for some other purpose.

We find that a departure from the principle of tort law as codified in Civil Code section 1714, and an adoption of the respondents' narrow view of the requirement of reasonableness is not warranted. Whether the landowner has acted reasonably is a question of fact to be determined in each case upon a consideration of all the circumstances, including such factors as the amount of harm caused, the foreseeability of harm which results, the purpose or motive with which the landowner acted, and all other relevant matter. (See *Keys* v. *Romley* (1966) 64 Cal.2d 396, 410 [50 Cal.Rptr. 273, 412 P.2d 529].)

Respondents argue that their view of the common enemy doctrine is necessary for the development and improvement of lands along low-lying river bottoms. The rule of reasonable conduct is not inconsistent with respondents' legitimate concerns for land development.

The California Supreme Court, in discussing the rule of reasonableness as applied to surface waters, stated: "It is properly a consideration in land development problems whether the utility of the possessor's use of his land outweighs the gravity of the harm which results from his alteration of the flow of surface waters. [Citation.] The gravity of harm is its seriousness from an objective viewpoint, while the utility of conduct is its meritoriousness from the same viewpoint [Citation.]" (*Keys* v. *Romley, supra,* 64 Cal.2d at p. 410.) This language can be applied to the diversion of floodwaters as well. If the balance weighs on the side of him who diverts the floodwaters, then that is a factor tending to show that he has acted reasonably; if the harm to other landowners is severe, then that is a factor tending to show that the economic costs incident to diversion of floodwaters should be borne by the owner who diverted the waters. (*Ibid.*)

Respondents cite *Clement* v. *State Reclamation Board* (1950) 35 Cal.2d 628 [220 P.2d 897] as the most recent California Supreme Court case dealing

with the common enemy doctrine as applied to floodwaters. They state that *Clement* makes no mention of the standard of reasonableness as defined by appellants. ■ A case is not authority for propositions not considered therein. (See *Leaming* v. *Municipal Court* (1974) 12 Cal.3d 813, 816 [117 Cal.Rptr. 657, 528 P.2d 745].) Mere silence on the part of our Supreme Court in a case decided 18 years before *Rowland* v. *Christian* is not sufficient to persuade us, in light of the court's decisions in *Rowland* and *Sprecher* v. *Adamson Companies,* that respondents' restricted view of the requirement of reasonableness is correct.

■ Because the question of whether the respondents acted reasonably in light of all the circumstances presents a triable issue of fact, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion. Appellants shall receive costs on appeal.

Stone, P. J., and Gilbert, J., concurred.

Respondents' petition for review by the Supreme Court was denied April 30, 1987.