Filed 6/30/22  P. v. Reynolds CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G056849 |
| v. | (Super. Ct. No. 14WF3283) |
| CHRISTINE MARIE REYNOLDS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick Donahue, Judge.  Conditionally reversed and remanded.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles Ragland, Assistant Attorney General, Robin Urbanski and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

This is the third opinion we have written in this case. In the first, we affirmed appellant's conviction for premeditated murder. (*People v. Reynolds* (June 26, 2017, G052948) [nonpub. opn.] (*Reynolds I*). In the second, we upheld the trial court's refusal to strike appellant's 25-year-to-life firearm enhancement under Penal Code section 12022.53, subdivision (d).[1] We also ruled the trial court lacked the authority to reduce that enhancement to a lesser included one. (*People v. Reynolds* (Feb. 25, 2020, G056849) [nonpub. opn.] (*Reynolds II*). However, the California Supreme Court granted appellant's petition for review on the enhancement-reduction issue and subsequently decided in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) that trial courts do have the power to reduce a firearm enhancement imposed pursuant to section 12022.53(d). Therefore, the Supreme Court transferred the case back to us with directions to vacate our decision in *Reynolds II* and reconsider the cause in light of *Tirado*.

In accordance with those directions, we vacate our decision in *Reynolds II* and conditionally reverse the trial court's order respecting appellant's firearm enhancement under section 12022.53(d). Although we find the court acted within its discretion in refusing to strike the enhancement altogether, its comments surrounding that decision do not clearly indicate it would be unwilling to reduce the enhancement to a lesser included one if that option were available. Accordingly, we conditionally reverse the trial court's denial order and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was convicted of first degree murder for fatally shooting her 96-year-old mother Gretchen. The shooting was preceded by many years of strife between appellant and her mother, but on the day it occurred, there was no arguing or friction between them. Appellant simply retrieved a gun from her car, calmly walked up to Gretchen, and shot her in the forehead while she was talking on the phone. Although

---

[1]     All further statutory references are to the Penal Code, and all further references to section 12022.53, subdivision (d) will be abbreviated as section 12022.53(d).

2

appellant had been drinking before the shooting, the jury rejected her claim she accidentally killed Gretchen while trying to commit suicide.

At the time of the shooting, appellant was 71 years old. The trial court sentenced her to 25 years to life for the murder, plus a 25-year-to-life enhancement for causing death with a firearm pursuant to section 12022.53(d). The court did not impose sentence on a second enhancement allegation the jury found true, namely, that appellant personally used a firearm within the meaning of section 12022.5, subdivision (a). On appeal, we modified the judgment to reflect the fact appellant's sentence on the latter enhancement should have been imposed but stayed. In all other respects, we affirmed. (See *Reynolds I, supra,* G052948.)

On the heels of our decision, the Legislature modified section 12022.53 by amending subdivision (h). Effective January 1, 2018, that subdivision states, "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h).)

In light of this modification, appellant promptly filed a motion asking the trial court to strike her 25-year-to-life firearm enhancement under section 12022.53(d). Appellant argued justice would be served by striking the enhancement because she "lived a crime free life for over 71 years. She is not a hardened criminal. She did not obtain a firearm to commit a crime. She was not a felon in possession. She is not a gang member. The fact that she was in legal possession of a firearm at the time she killed her mother does not make this crime more heinous than it would have been if she murdered her mother in a different manner. It is mere happenstance." The prosecution opposed the motion, arguing the shooting was "highly aggravated" and carried out with "extraordinary callousness." The prosecution also contended there was a "glaring lack of legitimate mitigation" to justify granting appellant's motion.

3

At the motion hearing, the court acknowledged it had received two letters of recommendation on appellant's behalf, as well as documentation pertaining to some self-help courses and A.A. classes appellant had completed in prison. The court then listened to a statement from appellant in which she accepted responsibility for murdering her mother. Appellant told the court, "There are no excuses. I knew I was an alcoholic. I knew that I blacked out. I didn't know I was going to hurt anyone, but I should have had the foresight to know that something terrible could happen as it did." Appellant said she is a better person now that she has stopped drinking and that she would like to have the opportunity to redeem herself in prison and have a chance for parole, even if that opportunity did not arise until she was in her 90's.

The court advised appellant that pursuant to the Elderly Parole Program set forth in section 3055, she would have the right to a parole hearing after serving 25 years of her sentence. Appellant admitted she was aware of that program. However, she said, "I don't know what the laws will be when I am . . . ninety-something. Or if it (apparently referring to her elder parole hearing) is even ever going to happen . . . . [There] is no way to know." However, the court was confident appellant would benefit from the Elderly Parole Program. It told her "it doesn't really matter what I do on this [motion to strike] because – maybe to a slight degree. But you are going to see a parole board, no matter what, in your 90's."

Following that exchange, the court heard from two of appellant's friends who spoke on her behalf. Then the court entertained argument from counsel about whether the court should strike the firearm enhancement. After considerable back and forth on that issue, the court rendered its decision:

"[T]he test on this is pursuant to [section] 1385, whether it is in the interests of justice [to strike the firearm enhancement]. . . . [The enhancement applies when] someone is killed or suffers great bodily injury as a result of [a] gunshot. [¶] Here the gunshot was directly to [Gretchen's] forehead. . . . The gunshot caused the death. [¶]

4

The other thing that struck me . . . [is that appellant] never really showed any remorse at any time. [¶] Whether it was . . . after the shooting . . . [or] during the course of the trial . . . that struck me because it was [her own mother] that got killed. [¶] So based on the facts of the case and that, I am going to deny the motion to strike the [enhancement]. [¶] Like I said, it doesn't really matter because . . . [i]n 25 years you will be eligible for parole [under the Elderly Parole Program]. . . . [My ruling is] not going to affect your ability to get your [elder] parole hearing when you are in your 90's. [¶] . . . [¶] So the motion is denied. And the sentence remains."[2]

## DISCUSSION

Appellant argues the trial court abused its discretion in denying her motion to strike the firearm enhancement. Alternatively, she contends the matter must be remanded to permit the trial court to consider reducing the enhancement to a lesser included one, in light of *Tirado*. The Attorney General sees no need for a remand. In his view, appellant's motion to strike the firearm enhancement was properly denied, and a remand would be futile because even if the trial court had been aware of its authority to reduce the enhancement to a lesser included one, there is "no chance" it would have done so. While we find no abuse of discretion in the court's refusal to strike the enhancement in its entirety, we do not share the Attorney General's certainty on this point, and we will remand to permit the trial court to exercise its discretion on the *Tirado* issue.

A trial court's refusal to strike a section 12022.53 firearm enhancement under section 1385 is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374-375; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) Under that deferential standard, reversal is not required unless the defendant clearly shows the trial

---

[2] Since the time the trial court rendered its ruling, the Elderly Parole Program has been modified to allow early parole consideration for elderly inmates who have served 20 years of continuous incarceration for their sentence. (See § 3055, subd. (a).)

court's decision is so irrational and arbitrary that no reasonably minded person could ever agree with it. (*Ibid.*)

Appellant is unable to make such a showing in this case. She contends the trial court put too much stock in the Elderly Parole Program and improperly delegated its sentencing authority to that program. So instead of making an honest evaluation of whether appellant was entitled to relief under section 1385, the court "kicked the proverbial can down the road by failing to impose what it recognized was a fair and just sentence simple because it assumed the Elderly Parole Program would cause the same outcome." Appellant claims this is particularly troubling because there is no guarantee the program will still be in effect by the time she has served two decades in prison.

Despite the trial judge's repeated references to the Elderly Parole Program, he ultimately decided appellant's motion based on the facts of the case and appellant's lack of remorse over the shooting. The situation would be different if the judge had told appellant, "I'm going to deny your motion because you will be eligible for parole under the program when you are in your 90's," and said nothing else. But that is not what happened. The trial judge explicitly denied appellant's motion due to the circumstances surrounding her crime.

Rather than using the Elderly Parole Program as the *basis* for his ruling, the judge brought it up to explain the *consequences* of his ruling, or more precisely the lack of consequences. The judge simply wanted to assure appellant her parole prospects were not going to be affected by his decision because, as it then stood, she would be eligible for an elder parole hearing after serving 25 years of her sentence. Now that number would be 20. We recognize there is no guarantee the Elderly Parole Program will still be in place at that time, but that doesn't matter because the court did not base its decision on that being the case. His references to the program do not undermine our belief the court relied on legitimate considerations in making its ruling. (See *People v. Ramirez* (2019) 40 Cal.App.5th 305, 311-312 [trial court's erroneous understanding that denial of motion

6

to strike firearm enhancement would not affect the defendant's parole eligibility date was immaterial since that is not why the motion was denied].)

Appellant also contends the trial judge adopted an overly-mechanized approach to her motion and denied it simply because she used a gun to cause the death of another human being. The judge's comments belie this claim. Besides mentioning the fact that appellant killed Gretchen with a gun, the court also found it significant that appellant fired the gun directly into Gretchen's forehead and that she expressed no remorse in the wake of the shooting, even though Gretchen was her own mother. Clearly, the judge gave appellant's motion individualized attention and made his ruling based on proper considerations. We have no occasion to disturb his refusal to strike the firearm enhancement in its entirety.

That brings us to the issue presented by the Supreme Court's transfer order: In light of *Tirado*, is appellant entitled to a remand to permit the trial judge to determine whether the interests of justice warrant a reduction of her firearm enhancement, as opposed to outright dismissal? For the reasons explained below, we answer that question in the affirmative.

Section 12022.53 contains three separate firearm enhancements. The most serious, which the jury found applicable in this case, is the 25-year-to-life enhancement set forth in subdivision (d) for causing death by discharging a firearm. The statute also contains lesser enhancements of 20 years for discharging a firearm, and 10 years for using a firearm, under subdivisions (c) and (b), respectively. In addition, subdivision (h) gives the trial court discretion to strike or dismiss those enhancements in the interest of justice pursuant to section 1385.[3]

---

[3] Section 1385 states, "(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." That authority includes the power to strike the additional punishment for a sentencing enhancement. (§ 1385, subd. (b)(1).)

7

In *Tirado*, our Supreme Court ruled this "statutory framework permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado, supra*, 12 Cal.5th at p. 692.) This ruling applies to appellant because her case is not yet final for purposes of appellate review. (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1023.) The only question is whether remanding the matter for a *Tirado* hearing would be a futile act, which is respondent's position, or – as appellant contends – would provide her with a realistic opportunity for a reduced sentence.

This is not the first case in which an appellate court has had to decide whether a case should be remanded in light of a new sentencing rule. Generally, when a new rule is formulated granting the trial court discretion to reduce the defendant's sentence, the reviewing court will remand for further proceedings unless the record clearly shows the trial court would not have imposed a lesser sentence even if it believed it had the authority to do so. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *People v. Jones* (2019) 32 Cal.App.5th 267, 272-273; *People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425; *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081; *People v. Chavez* (2018) 22 Cal.App.5th 663, 714.)

Looking at what the trial judge said about appellant and her crime, it is clear he felt she deserved extra punishment for causing her mother's death with a firearm, which explains his decision not to strike the section 12022.53(d) enhancement altogether. But it is not readily apparent from the judge's remarks that he would be opposed to reducing that enhancement from 25 years to life to 10 or 20 years. Since that option never came up, and the judge's comments do not foreclose the possibility of a reduction, we will remand the matter for further proceedings.

On remand, the trial court must decide whether to keep the 25-year-to-life enhancement intact, or whether the interests of justice warrant striking the enhancement in favor of a lesser included one whose factual elements were alleged in the information

8

and found true by the jury.  (*Tirado, supra*, 12 Cal.5th at p. 700.)  We express no opinion on that issue and leave its resolution entirely to the trial court in the first instance.

## DISPOSITION

Our prior decision in *Reynolds II* is vacated.  The trial court's order denying appellant's 25-year-to-life firearm enhancement under section 12022.53(d) is conditionally reversed.  The matter is remanded for the limited purpose of allowing the trial court to decide whether to reduce that enhancement to a lesser included one.  If the court reduces the enhancement, it shall resentence appellant accordingly.  If it does not reduce the enhancement, it shall reinstate appellant's sentence.



BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.