[Crim. No. 9936.    Second Dist., Div. One.    June 23, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. HAROLD DA-VID NELSON, JR., Defendant and Respondent.

Mark C. Allen, Jr., City Attorney (Inglewood), and Kenneth E. Vassie, Deputy City Attorney, for Plaintiff and Appellant.

Ray L. Smith for Defendant and Respondent.

THE COURT.—The Appellate Department of the Superior Court of Los Angeles County, pursuant to the provisions of rules 62 and 63, California Rules of Court, article VI, section 4e, of the Constitution, and section 988t of the Code of Civil Procedure of the State of California, having certified to the effect that a transfer of the appeal in the above entitled action to the District Court of Appeal appears necessary to settle an important question of law; and good cause appearing therefor, the said appeal being from the Municipal Court for the Inglewood Judicial District in and for the County of Los Angeles, numbered CR. A 5773, by order duly made, was transferred to the District Court of Appeal, Second Appellate District, Division One.

In its order of certification the judges of said appellate department declared that the above entitled action presents a new and important question of law which should be settled, to wit, when a felony complaint is dismissed by the magistrate before whom a preliminary examination is pending and a new complaint for a misdemeanor is filed on the same facts, when does time begin to run within which the misdemeanor case may be brought to trial under Penal Code section 1382, subdivision 3?

The judgment of the appellate department was filed April 20, 1964, reversing the order made by the magistrate on January 27, 1964, dismissing the action under the provisions of section 1382, subdivision 3, of the Penal Code.

The appeal was regularly calendared here for oral argument. Upon examination of the record, we conclude with the appellate department that the order dismissing the action should be reversed and we adopt the unanimous opinion of that court prepared by Presiding Judge Frank G. Swain, which reads:

The defendant had been formerly charged with felony manslaughter (Pen. Code, § 192, subd. 3(a)) and felony drunk driving (Veh. Code § 23101). A preliminary examination had been held and defendant's motion to dismiss was granted. A second complaint was filed six days thereafter charging the same offenses as contained in the previous complaint. Thereafter, on motion of the district attorney, that complaint was dismissed and the same day a new complaint was filed charging the defendant with misdemeanor manslaughter (Pen. Code, § 192, subd. 3(b)) and misdemeanor drunk driving (Veh. Code, § 23102) based on the same acts as the previous complaints. Upon arraignment for the misdemeanors, the court, on motion of the defendant, dismissed the action relying on section 1382, subdivision 3, of the Penal Code.

The dismissal of the felony complaints was not a bar to filing another complaint whether for a felony or for a misdemeanor. Section 1387 of the Penal Code states: "An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony."

The words "if it is a misdemeanor" refer to the complaint which was dismissed, not to the new complaint which was filed. Respondent, in effect contends, that the 30 days within which a misdemeanor case must be brought to trial (Pen. Code, § 1382, subd. 3) began to run before the misdemeanor prosecution commenced. There is no merit to this. The record does not show that the defendant was ever arrested on the misdemeanor charge but it does show that the misdemeanor complaint was filed January 27, 1964, that the defendant appeared, moved for a dismissal and the motion was granted on January 27, 1964. The time for trial did not begin to run until that date. Section 1382, subdivision 3, of the Penal Code, provides: " . . . if there has been no arrest" (on misdemeanor charge . . . the subsection deals only with misdemeanors) "and he has not signed a notice to appear," (he must be brought to trial) "within 45 days after he has, by appearance in court pursuant to a parking citation or

138

*otherwise,* submitted himself to the jurisdiction of the court. . . . (Italics added.)

██ Dismissal of a felony prosecution where jeopardy has not attached is not a bar to filing a new felony action on the same charge even though the 60-day period for trial provided by section 1382, subdivision 2, of the Penal Code, has run.

██ *People* v. *Wilkes* (1960) 177 Cal.App.2d 691, 697 [2 Cal.Rptr. 594] states: "With respect to the 60-day period for bringing a case to trial (Pen. Code, § 1382, subd. 2), the court stated in *People* v. *Pierson,* 149 Cal.App.2d 151, 159 [307 P.2d 994]: 'It seems to be the rule that the 60-day period is reinstated not only by a mistrial [citation], but by the filing of a new or amended pleading, whether or not a new or different charge is involved.' [Citations.] Since the order dismissing the first information was not res judicata . . . It follows that there is no foundation for defendant's further argument that the jurisdiction of the court was exhausted by such dismissal." ██ It is obvious that if the dismissal of a felony prosecution in which the 60-day period has run does not bar another 60-day period within which a second felony prosecution for the same charge may be tried, the dismissal of the felony complaints in the present case does not bar the time for trial of a misdemeanor action based on the same charge. We must not confuse this with the law that dismissal of a misdemeanor complaint on this charge would have barred this action. No misdemeanor complaint has been dismissed except the one from which this appeal is taken.

The order dismissing the action is reversed.

Respondent's petition for a hearing by the Supreme Court was denied August 20, 1964.