22 Cal.Rptr.3d 876 (2005)
34 Cal.4th 1012
103 P.3d 276
Michael Lehman BURRIS, Petitioner,
v.
The SUPERIOR COURT of Orange County, Respondent;
The People, Real Party in Interest.
No. S109746.
Supreme Court of California.
January 10, 2005.
*877 Law Offices of Marlin G. Stapleton, Jr., Marlin G. Stapleton, Jr., Tustin; Law Offices of Robert M. Dykes and Robert M. Dykes, Tustin, for Petitioner.
Carl C. Holmes, Public Defender (Orange), Deborah A. Kwast, Chief Deputy Public Defender, Kevin J. Phillips and Lee Blumen, Deputy Public Defenders, as Amici Curiae on behalf of Petitioner.
Michael P. Judge, Public Defender (Los Angeles) and John Hamilton Scott, Deputy *878 Public Defender, as Amici Curiae on behalf of Petitioner.
No appearance for Respondent.
Tony Rackauckas, District Attorney, and Brian N. Gurwitz, Deputy District Attorney, for Real Party in Interest.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Patti W. Ranger and Lise Jacobson, Deputy Attorneys General, as Amici Curiae on behalf of Real Party in Interest.
WERDEGAR, J.
Does the dismissal of a misdemeanor complaint bar all further prosecution for the same offense, even a felony charge based on the same conduct? It does not. Instead, two prior dismissals are required before felony prosecution will be barred. Because charges against defendant Michael Lehman Burris were dismissed only once, we affirm the Court of Appeal's denial of writ relief.

PROCEDURAL AND FACTUAL BACKGROUND
Burris was charged with misdemeanor counts of driving under the influence of alcohol (DUI) and driving with a blood-alcohol level of at least 0.08 percent. (Veh. Code, § 23152, subds.(a), (b).) The complaint alleged two prior DUI convictions. Before trial, the prosecutor discovered a third DUI prior. Under Vehicle Code section 23550, subdivision (a), driving under the influence within seven years of three or more DUI convictions is a "wobbler" and may be prosecuted as a misdemeanor or a felony at the prosecutor's discretion. (See Pen.Code, § 17, subd. (b)(4).)[1] The prosecutor elected to refile Burris's case as a felony and moved to dismiss the misdemeanor complaint. The trial court granted the motion,[2] and the prosecution filed a felony complaint.
Relying on section 1387, Burris moved to dismiss the felony complaint. The trial court denied the motion. The Court of Appeal denied Burris's ensuing petition for a writ of mandate, holding that section 1387 does not bar a subsequent felony prosecution when the same criminal act was originally charged as a misdemeanor and was previously dismissed. In so holding, the Court of Appeal expressly disagreed with People v. Nelson (1964) 228 Cal.App.2d 135, 39 Cal.Rptr. 238. We granted Burris's petition for review.

DISCUSSION

I. Interpretation of Section 1387

We begin with the text of the statute. (See Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977, 90 Cal.Rptr.2d 260, 987 P.2d 727; People v. Cruz (1996) 13 Cal.4th 764, 775, 55 Cal.Rptr.2d 117, 919 P.2d 731.) Section 1387, subdivision (a) provides: "An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony or if it is a misdemeanor charged together with a felony and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995, or if it is a misdemeanor not charged together with a felony, except in those felony cases, or those cases where a misdemeanor is charged with a felony, where subsequent to the dismissal of the felony or misdemeanor the judge or magistrate finds any of the following: [circumstances not relevant *879 here]...." Both parties agree that for purposes of this statute, there has been one prior termination of charges for the same offense.[3]
Burris argues that whether a future prosecution is barred hinges on the character of the earlier dismissal. Under this interpretation of section 1387, the pronoun "it" in the statutory phrase "is a bar to any other prosecution for the same offense if it is a felony" (italics added) refers to the terminated action. Thus, if the terminated action is, as here, a misdemeanor, section 1387 prohibits a second prosecution for either a misdemeanor or a felony. If the terminated action is a felony, a new prosecution will be barred only when there has been an additional prior dismissal.[4] This interpretation is consistent with usage in the second half of the statute that appears to categorize cases according to the character of the dismissed charge. (See § 1387, subd. (a) [creating exception for "those felony cases, or those cases where a misdemeanor is charged with a felony, where subsequent to the dismissal of the felony or misdemeanor" certain findings are made].)
In contrast, the People contend that whether a future prosecution is barred under section 1387 hinges on the character of the later charge: one prior qualifying dismissal[5] will bar a later misdemeanor charge, but will not bar a later felony charge. They argue that under an established canon of construction, the last antecedent rule (White v. County of Sacramento (1982) 31 Cal.3d 676, 680, 183 Cal.Rptr. 520, 646 P.2d 191), the pronoun "it" in the phrase "is a bar to any other prosecution for the same offense if it is a felony" (italics added) refers to the future "other prosecution for the same offense." Thus, according to the People, under section 1387 an order terminating an action bars a future prosecution for a misdemeanor, but bars a future prosecution for a felony only when there has been an additional prior dismissal.
We do not find these grammatical arguments dispositive here. The rules of grammar and canons of construction are but tools, "guides to help courts determine likely legislative intent. [Citations.] And that intent is critical. Those who write statutes seek to solve human problems. Fidelity to their aims requires us to approach an interpretive problem not as if it were a purely logical game, like a Rubik's *880 Cube, but as an effort to divine the human intent that underlies the statute." (J.E.M. AG Supply v. Pioneer Hi-Bred (2001) 534 U.S. 124, 156, 122 S.Ct. 593, 151 L.Ed.2d 508 (dis. opn. of Breyer, J.); see Kavanaugh v. West Sonoma County Union High School Dist. (2003) 29 Cal.4th 911, 920, 129 Cal.Rptr.2d 811, 62 P.3d 54["[T]he rules of statutory construction are merely aids and sometimes can be used to reach opposite results"].) Here, these tools do not reveal a clear legislative intent. The statute has been amended nine times since its adoption in 1872, and the resulting 108-word, 13-comma, no period subdivision is hardly pellucid, as all parties readily concede. The syntax of the statute is such that "it" could readily refer to either the terminated action or the future prosecution. Nor does the legislative history behind the statute and its substantive revisions contain evidence the Legislature chose a particular construction in order to implement one rule or the other. Consequently, we must consider the human problems the Legislature sought to address in adopting section 1387  "`the ostensible objects to be achieved [and] the evils to be remedied.'" (Wilcox v. Birtwhistle, supra, 21 Cal.4th at p. 977, 90 Cal.Rptr.2d 260, 987 P.2d 727, quoting People v. Woodhead (1987) 43 Cal.3d 1002, 1008, 239 Cal.Rptr. 656, 741 P.2d 154.)
Section 1387 implements a series of related public policies. It curtails prosecutorial harassment by placing limits on the number of times charges may be refiled. (Landrum v. Superior Court (1981) 30 Cal.3d 1, 14, 177 Cal.Rptr. 325, 634 P.2d 352; People v. Peters (1978) 21 Cal.3d 749, 758-759, 147 Cal.Rptr. 646, 581 P.2d 651 (dis. opn. of Mosk, J.); People v. Superior Court (Martinez) (1993) 19 Cal.App.4th 738, 744, 23 Cal.Rptr.2d 733; Sen. Rules Com., Rep. on Sen. Bill No. 487 (1975-1976 Reg. Sess.) Apr. 8, 1975, p. 1 ["Proponents claim the bill [amending § 1387 to limit felony refilings] will prevent possible abuses by prosecutors who dismiss and reinstate felony prosecutions in order to harass defendants"].) The statute also reduces the possibility that prosecutors might use the power to dismiss and refile to forum shop. (Landrum v. Superior Court, at p. 14, 177 Cal.Rptr. 325, 634 P.2d 352; People v. Peters, at p. 759, 147 Cal. Rptr. 646, 581 P.2d 651 (dis. opn. of Mosk, J.); People v. Carreon (1997) 59 Cal. App.4th 804, 808, 69 Cal.Rptr.2d 438.) Finally, the statute prevents the evasion of speedy trial rights through the repeated dismissal and refiling of the same charges. (See People v. Posey (2004) 32 Cal.4th 193, 206-207, 8 Cal.Rptr.3d 551, 82 P.3d 755; Barker v. Municipal Court (1966) 64 Cal.2d 806, 811, 51 Cal.Rptr. 921, 415 P.2d 809; Miller v. Superior Court (2002) 101 Cal.App.4th 728, 738, 124 Cal.Rptr.2d 591; Paredes v. Superior Court (1999) 77 Cal. App.4th 24, 28, 91 Cal.Rptr.2d 350.)
The statute's differential treatment of misdemeanors and felonies reflects a different set of public policies. On the one hand, society has an interest in the expeditious resolution of lesser charges. Section 1387 reflects a judgment that scarce prosecutorial resources should not be expended in multiple attempts to punish misdemeanor conduct and mere misdemeanants should not be subjected to serial prosecutions. (See Necochea v. Superior Court (1972) 23 Cal.App.3d 1012, 1016, 100 Cal. Rptr. 693 [noting "clear policy of the law favoring an expeditious resolution of misdemeanor charges"]; Alex T. v. Superior Court (1977) 72 Cal.App.3d 24, 31-32, 140 Cal.Rptr. 17 ["In the case of misdemeanors ... other considerations may reasonably justify giving the People only one bite at the apple"]; cf. Apprendi v. New Jersey (2000) 530 U.S. 466, 480, fn. 7, 120 S.Ct. 2348, 147 L.Ed.2d 435 [characterizing *881 misdemeanors as "those `smaller faults and omissions of less consequence'"].)
On the other hand, there is a heightened societal interest in the prosecution of more serious crimes. Compared to a misdemeanor violation, "[i]f the offense is potentially a felony, society has a much greater interest in its punishment...." (Necochea v. Superior Court, supra, 23 Cal.App.3d at p. 1016, fn. 4, 100 Cal.Rptr. 693.) As we once colorfully explained, the Legislature's differential treatment of misdemeanors and felonies in section 1387 is justified by the fact that felonies include crimes "so heinous in character that to [their] frequent and unchecked commission might be attributed the origin of a possible statewide disaster, or eventually, the downfall of organized society," while many misdemeanors "may be insignificant as far as [their] effect on the body politic is concerned." (People v. Dawson (1930) 210 Cal. 366, 370, 292 P. 267; see also Alex T. v. Superior Court, supra, 72 Cal.App.3d at p. 31, 140 Cal.Rptr. 17.) Indeed, until 1975, the interest in prosecuting felonies was considered so much greater that, while a one-dismissal rule applied to misdemeanors, felony charges could be refiled ad infinitum. (See Stats.1975, ch. 1069, § 1, p. 2615 [amending § 1387 to add felony dismissal limit]; People v. Williams (1969) 71 Cal.2d 614, 623, 79 Cal.Rptr. 65, 456 P.2d 633.)
Section 1387 reflects a legislative judgment that because of the heightened threat to society posed by serious crimes, more filings should be permitted for serious crimes than for minor ones.[6] In turn, the best measure of the seriousness of a crime  and the corresponding societal interest in its prosecution and punishment  is not how the crime was originally charged, based on possibly limited evidence, but how the prosecution currently seeks to charge it, based on the most current and best available evidence. It follows that, for purposes of categorizing a crime as subject to a one-dismissal or two-dismissal rule, what matters is the current charge, not the one previously dismissed. The interpretation of section 1387 that most closely comports with these underlying legislative goals is this: Misdemeanor prosecutions are subject to a one-dismissal rule; one previous dismissal of a charge for the same offense will bar a new misdemeanor charge. Felony prosecutions, in contrast, are subject to a two-dismissal rule; two previous dismissals of charges for the same offense will bar a new felony charge.
We note that because what matters is the nature of the current charge, the nature of any prior charges is immaterial to application of these dismissal rules. Thus, either a misdemeanor or a felony dismissal will bar a subsequent misdemeanor charge, while either two felony dismissals or one misdemeanor and one felony dismissal[7] will bar a subsequent felony charge.
The consequences of this interpretation are consistent with the Legislature's purposes. (See Dyna-Med, Inc. v. Fair Employment & Housing Com. (1987) 43 Cal.3d 1379, 1387, 241 Cal.Rptr. 67, 743 P.2d 1323 ["Where uncertainty exists consideration should be given to the consequences *882 that will flow from a particular interpretation"].) When new evidence comes to light that suggests a crime originally charged as a misdemeanor is in fact graver and should be charged as a felony, section 1387 allows the People to do so. "Often the district attorney doesn't have enough information to make a firm election before filing the complaint or in the prosecution's early stage. New knowledge may reveal that mitigation of the charge [to a misdemeanor] was a regrettable choice." (Malone v. Superior Court (1975) 47 Cal. App.3d 313, 317, 120 Cal.Rptr. 851.) To hold, as Burris argues, that a single misdemeanor filing and dismissal could preclude subsequent felony prosecution, even when new evidence demonstrates that the crime committed was a felony, would be inconsistent with the Legislature's intent to permit more dismissals for serious crimes.
On the other hand, as the People concede, our interpretation of section 1387 also dictates that a qualifying dismissal of a felony charge will bar the refiling of a misdemeanor charge. But nothing about this more lenient treatment of true misdemeanants is fundamentally inconsistent with the Legislature's goals in enacting section 1387.
To illustrate these points, consider the cases of two individuals charged with misdemeanors. Each has previously been charged, one for a misdemeanor and one for a felony, but had those initial charges dismissed. The societal interest in prosecution, given the current understanding of their respective crimes, is the same. The countervailing interests in avoiding harassment, delay, and forum shopping recognized by the Legislature in section 1387 also are the same  each defendant potentially is facing a second prosecution. Thus, the treatment of these two defendants should be the same. The interpretation we adopt treats these cases identically: in each, the further prosecution is barred. The interpretation pressed by Burris would allow reprosecution of one defendant, but not the other, despite the fact the legislative policy considerations in each case are indistinguishable.
Consider the corresponding cases of two individuals charged with felonies. Each has previously been charged, one for a misdemeanor and one for a felony, but had those initial charges dismissed. As before, the societal interest in prosecution, given the current understanding of their respective crimes, is the same. As before, the countervailing interests in avoiding harassment, delay, and forum shopping recognized by the Legislature in section 1387 also are the same  each defendant potentially is facing a second prosecution. Thus, the treatment of these two defendants should be the same. Once again, the interpretation we adopt treats these cases identically: in each, the further prosecution is permitted. Once again, the interpretation pressed by Burris would allow reprosecution of one individual, but not the other, despite the fact the legislative policy considerations in each case are indistinguishable.
Our interpretation of section 1387 is consistent with the results we have reached when applying earlier versions of the statute. In People v. Smith (1904) 143 Cal. 597, 77 P. 449, we applied the original version of section 1387, which imposed a one-dismissal rule for misdemeanors but allowed for unlimited refiling of felonies.[8] The defendant, Smith, was charged with petit larceny, a misdemeanor. New evidence revealed that Smith had previously *883 been convicted of burglary, a prior conviction that elevated the petit larceny to a felony. The prosecution obtained an order dismissing the misdemeanor complaint and refiled felony charges. (People v. Smith, at pp. 598-599, 77 P. 449.)
On appeal following Smith's conviction, we rejected the notion that former section 1387 would bar refiling in these circumstances. We held that the judgment of dismissal was not a bar to subsequent felony prosecution because the offense, as presently charged, was a felony. (People v. Smith, supra, 143 Cal. at pp. 598-599, 77 P. 449.) We concluded: "It was never intended that [a misdemeanor] dismissal should be a bar to a prosecution for a felony." (Id. at p. 599, 77 P. 449.) That conclusion remains sound today.
Seventy years later, in Leaming v. Municipal Court (1974) 12 Cal.3d 813, 117 Cal.Rptr. 657, 528 P.2d 745, the defendant raised a speedy trial claim when, after repeated continuances of his misdemeanor trial, on the date of trial the misdemeanor complaint against him was abandoned and he was arraigned on felony charges. After summarily rejecting the defendant's speedy trial claim on the ground he had requested the continuances, we noted as well that the defendant could not complain about the new felony charges because "[d]ismissal of a misdemeanor complaint does not bar a felony prosecution." (Id. at p. 818, fn. 3, 117 Cal.Rptr. 657, 528 P.2d 745, citing former § 1387.)
The holdings of People v. Smith, supra, 143 Cal. 597, 77 P. 449, and Leaming v. Municipal Court, supra, 12 Cal.3d 813, 117 Cal.Rptr. 657, 528 P.2d 745, are consistent with the interpretation we reach today. So too are those few Court of Appeal decisions to have considered the statute in the context of misdemeanor-to-felony prosecutions. (Malone v. Superior Court, supra, 47 Cal.App.3d at p. 317, 120 Cal.Rptr. 851; Necochea v. Superior Court, supra, 23 Cal.App.3d at p. 1016, 100 Cal.Rptr. 693; People v. Mitman (1954) 122 Cal. App.2d 490, 494, 265 P.2d 105; People v. Brown (1919) 42 Cal.App. 462, 464-465, 183 P. 829.)
Burris and amicus curiae the Los Angeles County Public Defender rely on one Court of Appeal decision, People v. Nelson, supra, 228 Cal.App.2d 135, 39 Cal.Rptr. 238 (Nelson), that reached the opposite conclusion in the context of a felony-to-misdemeanor prosecution. The defendant was charged with felony manslaughter and felony drunk driving. (Pen.Code, former § 192, subd. 3(a); Veh.Code, former § 23101.) These charges were dismissed twice, and charges for misdemeanor manslaughter and misdemeanor drunk driving were filed. (Pen.Code, former § 192, subd. 3(b); Veh.Code, former § 23102.) The defendant challenged the new charges under Penal Code former section 1387.[9] The Nelson court rejected the challenge, concluding: "The words `if it is a misdemeanor' refer to the complaint which was dismissed, not to the new complaint which was filed." (Nelson, at p. 137, 39 Cal.Rptr. 238.) Thus, Nelson allowed felony charges to be followed by misdemeanor charges.
Nelson offered no explicit explanation for its interpretation. As best one can discern, the court viewed the syntax of section 1387 as dictating its result. But as we have discussed, the syntax of the statute offers no clear answer, while the legislative policies underlying the statute point to a conclusion opposite the one reached by Nelson. To the extent People v. Nelson, *884 supra, 228 Cal.App.2d 135, 39 Cal.Rptr. 238 holds that the determination of which dismissal rule to apply hinges on the nature of the dismissed charge, rather than the new charge, we disapprove it.

II. Retroactive Application

Burris argues that even if we interpret section 1387 to allow prosecution of a felony after dismissal of a misdemeanor, under the rule of lenity he should be shielded from the application of that ruling and have the Nelson interpretation of the statute applied to his case. We disagree.
The rule of lenity, under which "ambiguous penal statutes are construed in favor of defendants[,] is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable." (People v. Jones (1988) 46 Cal.3d 585, 599, 250 Cal.Rptr. 635, 758 P.2d 1165; see also People v. Lee (2003) 31 Cal.4th 613, 627, 3 Cal.Rptr.3d 402, 74 P.3d 176.) The rule does not automatically grant a defendant "the benefit of the most restrictive interpretation given any statute by any court" when there is a split of authority. (People v. Spurlock (2003) 114 Cal.App.4th 1122, 1132, 8 Cal.Rptr.3d 372.) Neither does it require a statutory interpretation in a defendant's favor when, as here, a court "can fairly discern a contrary legislative intent." (People v. Avery (2002) 27 Cal.4th 49, 58, 115 Cal.Rptr.2d 403, 38 P.3d 1.)
Nor does the rule of lenity apply when, as here, an interpretive issue poses a "Whose ox is gored?" problem. However we construe section 1387, one class of defendants will benefit and another will be burdened. Section 1387 shields either defendants charged first with a misdemeanor and then a felony, or those charged first with a felony and then a misdemeanor, but not both groups. The legislative intent underlying the statute is more consistent with protection of the latter group.
Finally, the rule of lenity does not bar application of a statutory interpretation reached in a given case to the defendant in that case. The rule is one of construction, not one governing retroactivity. Our retroactivity rules dictate that this decision be applied to Burris. "The general rule that judicial decisions are given retroactive effect is basic in our legal tradition." (Newman v. Emerson Radio Corp. (1989) 48 Cal.3d 973, 978, 258 Cal. Rptr. 592, 772 P.2d 1059.) This general rule extends fully to decisions such as this that resolve Court of Appeal conflicts or establish the meaning of a statutory enactment. (See Woosley v. State of California (1992) 3 Cal.4th 758, 794, 13 Cal.Rptr.2d 30, 838 P.2d 758; People v. Garcia (1984) 36 Cal.3d 539, 549, 205 Cal.Rptr. 265, 684 P.2d 826; Donaldson v. Superior Court (1983) 35 Cal.3d 24, 36-37, 196 Cal.Rptr. 704, 672 P.2d 110.) Our decision neither overrules controlling authority or a uniform body of law that might be justifiably relied on, nor judicially enlarges a criminal statute in an unforeseeable manner (see People v. Billa (2003) 31 Cal.4th 1064, 1073, 6 Cal.Rptr.3d 425, 79 P.3d 542; People v. Blakeley (2000) 23 Cal.4th 82, 91-92, 96 Cal.Rptr.2d 451, 999 P.2d 675); thus, our interpretation of section 1387 applies to Burris.
Burris has been charged with a felony. (See Veh.Code, § 23550, subd. (a).) He has had charges for the same offense dismissed once before. Because felony charges are subject to a two-dismissal rule, Penal Code section 1387 does not bar the instant charges.

DISPOSITION
For the foregoing reasons, we affirm the judgment of the Court of Appeal and remand *885 for further proceedings consistent with this opinion.
We Concur: GEORGE, C.J., KENNARD, BAXTER, CHIN, BROWN, and MORENO, JJ.
NOTES
[1] All subsequent unlabeled statutory references are to the Penal Code.
[2] The statutory grounds were not specified, but the People concede the court acted under section 1385.
[3] The parties agree that the identical criminal act, DUI (Veh.Code, § 23152, subds.(a), (b)), underlies both the initial misdemeanor charge and the subsequent felony charge against Burris. The two charged crimes have the same elements: Vehicle Code section 23152 defines the elements of the substantive offense for each, while Vehicle Code sections 23546 and 23550 define not elements but conditions for imposition of sentencing enhancements. (See People v. Coronado (1995) 12 Cal.4th 145, 152, 48 Cal.Rptr.2d 77, 906 P.2d 1232, fn. 5 [Veh.Code, former § 23175, predecessor to Veh.Code, § 23550, is a sentence enhancement statute, not a substantive offense statute].) When two crimes have the same elements, they are the same offense for purposes of Penal Code section 1387. (See Dunn v. Superior Court (1984) 159 Cal.App.3d 1110, 1118, 206 Cal.Rptr. 242 [applying same elements test to determine whether new charge is same offense as previously dismissed one for purposes of § 1387].)
[4] The statute treats a misdemeanor charged with a felony the same as a felony. (See § 1387, subd. (a).) For clarity's sake, when we refer to felonies in this discussion, we include misdemeanors charged with felonies.
[5] Not every dismissal qualifies as a dismissal for purposes of section 1387. The statute spells out various circumstances in which a prior dismissal will be excused and not count towards a prosecution bar. (See § 1387, subds. (a)-(c).) Those circumstances are not present here; it is undisputed the dismissal in this case is a qualifying dismissal.
[6] As further proof of this intent, while two filings are allowed for most felonies, section 1387.1 carves out the most serious category of felonies, violent felonies, and allows a third filing for these crimes under certain circumstances.
[7] Or, for that matter, two misdemeanor dismissals, in those rare cases where a section 1387 exception would permit successive misdemeanor prosecutions. (See § 1387, subd. (b).)
[8] In 1904, former section 1387 provided: "[A]n order for the dismissal of the action as provided in this chapter is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."
[9] In 1964, former section 1387 provided: "An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony." (Stats.1951, ch. 1674, § 142, p. 3857.)