Filed 11/23/22 P. v. Rivera CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ANTHONY GABRIEL RIVERA, Defendant and Appellant. | F082535 (Super. Ct. No. BF160490A) **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County. John W. Lua, Judge.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P. J., Meehan, J. and DeSantos, J.

# BACKGROUND

Defendant Anthony Gabriel Rivera, then 20 years old, was arrested and charged with a fatal shooting that occurred in the victim's garage in March 2015.[1]  In 2016, defendant was convicted by jury of second degree murder (Pen. Code, §§ 187, subd. (a), 189; count 1)[2] and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2). The jury also found true the sentence enhancement attached to count 1 for personal and intentional discharge of a firearm causing great bodily injury or death. (§ 12022.53, subd. (d).)  In 2017, the trial court sentenced defendant to 15 years to life on count 1, plus an additional 25 years to life for the firearm enhancement, and to the upper term of three years on count 2, stayed under section 654.

Defendant appealed and in *Rivera I*, we affirmed the judgment but remanded the matter for resentencing in light of Senate Bill No. 620 (2017–2018 Reg. Sess.), which, effective January 1, 2018, granted the trial court discretion to strike the firearm enhancement in the interest of justice.  (Stats. 2017, ch. 682, § 2 (Senate Bill 620) [amending § 12022.53, subd. (h)].)  On remand, the trial court declined to strike the enhancement and defendant filed a timely notice of appeal.

Appointed counsel found no arguable issues and filed a *Wende* brief.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Subsequently, we issued an order striking the *Wende* brief on our own motion and directing counsel to address Senate Bill No. 567 (2021–2022 Reg. Sess.) and Assembly Bill No. 518 (2021–2022 Reg. Sess.), effective January 1, 2022, and any additional issues deemed meritorious.  (Stats. 2021, ch. 731, § 1.3 (Senate Bill 567); Stats. 2021, ch. 441, § 1 (Assembly Bill 518).)  Briefing is now complete.

---

[1]  We take judicial notice of our prior nonpublished opinion in *People v. Rivera* (Sept. 26, 2019, F075057) (*Rivera I*).  (Evid. Code, §§ 452, subd. (d), 459.)  Further summary of the underlying facts is unnecessary to the disposition of this appeal and is omitted.

[2]  All further statutory references are to the Penal Code unless otherwise stated.

Defendant seeks remand for resentencing in light of Senate Bill 567's amendment of section 1170, Assembly Bill 518's amendment of section 654, and the California Supreme Court's decision in *Tirado*, which resolved a split among the appellate courts and held that the trial court has the discretion to substitute a lesser enhancement under section 12022.53 under certain circumstances. (*People v. Tirado* (2022) 12 Cal.5th 688, 700 & fn. 12 (*Tirado*).) Although the People concede retroactive application on all three issues, they seek affirmance of defendant's sentence. Without acknowledging that defendant was a youth at the time of the crimes and that the record contains evidence of childhood trauma, including physical and sexual abuse, which are relevant under section 1170, subdivision (b)(6)(B)–(C), added by Senate Bill 567, they contend that remand for resentencing is unnecessary because any error in selecting the upper term on count 2 is harmless. Further, they contend that remand for resentencing under Assembly Bill 518 and *Tirado* would be futile.

We conclude that under *Tirado*, defendant is entitled to remand so that he may request the trial court substitute a lesser enhancement of 10 or 20 years under subdivision (b) or (c) of section 12022.53 in lieu of the 25-year-to-life enhancement imposed under subdivision (d) of section 12022.53. In light of our determination that remand is required on this ground, the parties' dispute over remand under Senate Bill 567 and Assembly Bill 518 is rendered moot and we need not resolve it; defendant will be entitled to seek relief from these ameliorative changes in the law on remand.

## DISCUSSION

### I.    Remand Required Under *Tirado*

We issued our decision in *Rivera I* in September 2019, and in February 2021, the trial court denied defendant's request for relief from the firearm enhancement under Senate Bill 620 in February 2021. At that time, there was a split of authority among Courts of Appeal regarding whether the trial court had the discretion to impose a lesser enhancement under section 12022.53 that had not been found true by the jury. In *People*

*v. Morrison*, the First District Court of Appeal held that the trial court has the discretion under section 1385 to strike the greater enhancement under section 12022.53, subdivision (d), and impose a lesser enhancement under subdivision (b) or (c) of section 12022.53. (*People v. Morrison* (2019) 34 Cal.App.5th 217, 220.) Shortly thereafter, this court declined to follow *People v. Morrison* and held that the trial court lacks discretion to substitute a lesser enhancement not found true by the jury (*People v. Tirado* (2019) 38 Cal.App.5th 637, 644, review granted Nov. 13, 2019, S257658), and other courts followed suit (e.g., *People v. Delavega* (2021) 59 Cal.App.5th 1074, 1094, review granted Apr. 14, 2021, S267293, cause transferred Apr. 20, 2022, with directions; *People v. Valles* (2020) 49 Cal.App.5th 156, 167, review granted July 22, 2020, S262757, cause transferred May 18, 2022, with directions).

After defendant's present appeal was filed, the California Supreme Court resolved this split of authority and reversed our decision in *People v. Tirado*. (*Tirado, supra*, 12 Cal.5th at pp. 694, 702.) The court held that "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision ](d) enhancement, and the court determines that the section 12022.53[, subdivision ](d) enhancement should be struck or dismissed under section 12022.53[, subdivision ](h), the court may, under section 12022.53[, subdivision ](j), impose an enhancement under section 12022.53[, subdivisions ](b) or (c)." (*Id.* at p. 700, fn. omitted.) The court cautioned, "however, that this general rule only applies when a true finding under section 12022.53[, subdivision ](d) necessarily includes a true finding under section 12022.53[, subdivisions ](b) or (c). That would not be the case if a section 12022.53[, subdivision ](d) enhancement were added to a charge under section 246 [shooting at an inhabited dwelling house] or under subdivisions (c) or (d) of section 26100 [shooting from a motor vehicle]. Those offenses are not 'specified in subdivision (a),' as required for imposition of an enhancement under section 12022.53[,

4.

subdivisions ](b) or (c).  (§ 12022.53[, subds. ](b), (c).)"  (*Tirado, supra*, at p. 700, fn. 12.)

"'The general rule that judicial decisions are given retroactive effect is basic in our legal tradition'" (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1023), and "extends fully to decisions … that resolve Court of Appeal conflicts or establish the meaning of a statutory enactment" (*ibid.*; accord, *People v. Watson* (2008) 43 Cal.4th 652, 688).  The People concede that the decision in *Tirado* applies to this case, and that the trial court has the authority to strike the enhancement under subdivision (d) of section 12022.53 and impose an enhancement under subdivision (b) or (c) of section 12022.53.  (*Tirado, supra*, 12 Cal.5th at p. 700.)  However, they claim that remand would be futile on this record. We accept the People's concession of retroactivity, but disagree that remand would be an idle act.  (*People v. Flores* (2020) 9 Cal.5th 371, 432.)

It is well established that "'[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.]  In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'"  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; accord, *Tirado, supra*, 12 Cal.5th at p. 694; *People v. Flores, supra*, 9 Cal.5th at pp. 431–432.)

The jury in this case rejected the prosecution's first degree murder theory and convicted defendant of second degree murder, resulting in a sentence of 15 years to life. At the time defendant was sentenced, the trial court was required to impose an additional term of 25 years to life for the firearm enhancement under section 12022.53, subdivision (d), resulting in an indeterminate term of 40 years to life.  Although the trial

court declined to strike the enhancement under Senate Bill 620, that determination does not speak to whether the trial court might elect to impose a lesser sentence enhancement of 10 years or 20 years, resulting in a lower but still lengthy indeterminate term of 25 years to life or 35 years to life. While we express no view on the appropriate sentence in this matter, we are unpersuaded that the trial court's decision not to strike the enhancement altogether, which would have substantially reduced defendant's sentence, necessarily demonstrates that remand for consideration of a lesser but still substantial enhancement would be an idle act, particularly in view of defendant's age and evidence of childhood trauma. Defendant is entitled to a sentencing decision that is fully informed by the discretion to select a lesser enhancement term and, therefore, remand is appropriate under *Tirado*. (*People v. Gutierrez, supra*, 58 Cal.4th at p. 1391.)

## II.    Senate Bill 567 and Assembly Bill 518

Finally, the trial court sentenced defendant to the upper term of three years on count 2, stayed under section 654. Defendant seeks remand for resentencing under Senate Bill 567 and Assembly Bill 518.

As amended by Senate Bill 567, section 1170 provides, in relevant part, that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6)(A)–(B).) Pertinent to these amendments, defendant was 20 years old when he committed the crimes in this case, and the record includes evidence that he had a very difficult childhood that included physical and sexual abuse.

6.

With respect to section 654, at the time of sentencing, the statute provided, in relevant part, "An act or omission that is punishable in different ways by different provisions of law *shall be punished under the provision that provides for the longest potential term of imprisonment*, but in no case shall the act or omission be punished under more than one provision." (§ 654, former subd. (a), italics added.) As amended by Assembly Bill 518, section 654 now provides, in relevant part, "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a), italics added.)

"Newly enacted legislation lessening criminal punishment or reducing criminal liability presumptively applies to all cases not yet final on appeal at the time of the legislation's effective date." (*People v. Gentile* (2020) 10 Cal.5th 830, 852, citing *In re Estrada* (1965) 63 Cal.2d 740, 744–745; accord, *People v. Esquivel* (2021) 11 Cal.5th 671, 673, 675–676.) "This presumption 'rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'" (*People v. Gentile, supra*, at p. 852; accord, *People v. Esquivel, supra*, at p. 675.)

The People concede that Senate Bill 567 and Assembly Bill 518 apply retroactively pursuant to *Estrada*. Nevertheless, they claim that remand for resentencing is not required because any error in imposing the upper term on count 2 was harmless and that remand for resentencing under section 654 would be an idle act. We note that the People base their Senate Bill 567 argument on section 1170, subdivision (b)(1)–(2), rather than subdivision (b)(6)(B)–(C), which is applicable here, but regardless, given our determination that remand is required under *Tirado*, we need not resolve the parties' dispute over remand on these grounds. On remand, defendant is not precluded from seeking further relief as is appropriate in light of these ameliorative changes in the law.

## DISPOSITION

Pursuant to the California Supreme Court's decision in *Tirado, supra*, 12 Cal.5th 688, this matter is remanded to afford defendant the opportunity to seek imposition of a lesser firearm enhancement under subdivision (b) or subdivision (c) of section 12022.53. The judgment is otherwise affirmed.