Filed 12/29/23  P. v. Ackerman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096625 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19FE005943, 19FE008183) |
| v. | |
| JOSHUA CHARLES ACKERMAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joshua Charles Ackerman filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.) We understand defendant's supplemental brief to challenge the trial court's denial of defendant's oral motion to dismiss for violation of his right to a speedy trial, as well as the effectiveness of counsel's advice resulting in defendant's acceptance of the plea and the legality of that plea.  As we explain below, defendant does not prevail on these claims. Nonetheless, our review of the record has disclosed an unauthorized fee, which we will modify the judgment to strike, and inaccuracies in the abstract of judgment, which we will

1

direct the trial court to review and correct. Finding no other arguable errors that would result in a disposition more favorable to defendant, we will affirm the modified judgment.

## BACKGROUND

The People's May 9, 2019, felony complaint in case No. 19FE008183 (the child sexual assault case) charged defendant with one count of sexual penetration of a child 10 years of age or younger (Pen. Code,[1] § 288.7, subd. (b)) and four counts of lewd and lascivious act with a child under the age of 14 (§ 288, subd. (a)). This complaint was amended on October 2, 2019, to add additional counts, and defendant was held to answer on the amended complaint.

The People's October 2, 2019, felony complaint in case No. 19FE005943 (the prohibited firearm and ammunition case) charged defendant with being a felon in possession of a firearm (§ 29800, subd. (a)(1); count one) and being a felon in possession of ammunition (§ 30305, subd. (a)(1); count two). Following the October 2, 2019, preliminary hearing, defendant was held to answer on both charges, and the complaint was deemed the information. Defendant pleaded not guilty.

Following the preliminary hearing in the prohibited firearm and ammunition case and the child sexual assault case, the public defender's office was appointed to represent defendant.

On February 21, 2020, defendant brought a *Marsden*[2] motion seeking appointment of different counsel for multiple reasons including that the public defender had delayed his cases, and defendant wished to pursue his speedy trial rights. Defendant's attorney explained in pertinent part that defendant had hired a private attorney to handle his cases through the preliminary hearing and the public defender received the file in November

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

2

when he was in a trial.  Defendant's attorney had since finished two more life trials that started January 6 and January 25, and had been assigned another life trial on January 30. He had met with defendant, provided his honest assessment of the exposure faced if convicted given the state of the evidence, and agreed further investigation prior to trial should be completed and was progressing.  Finally, defendant had not mentioned his speedy trial rights, but his attorney was ready to proceed to trial if defendant wanted to do so without further investigation and consultation concerning the evidence.  In light of this, the trial court denied defendant's *Marsden* motion and provided a brief recess to allow defendant to consider whether to confirm his trial date or accept a continuance.  Defendant then stated his desire to do the investigation rather than confirm his then-scheduled trial date.

Thereafter, on May 5, 2020, defendant moved to dismiss the child sexual assault case for violations of his right to a speedy trial (§ 1382; Gov. Code, § 68115, subd. (a)(10)) allegedly caused by the implementation of emergency orders entered by the Judicial Council, the Chief Justice of California, the Presiding Judge of Sacramento County Superior Court, and California Governor Gavin Newsom.  The same day, the trial court denied defendant's motion in a written order.

On June 30, 2020, defendant again moved to dismiss the child sexual assault case asserting the trial court's unilateral rescheduling of his trial to July 22, 2020, violated his speedy trial right as protected by the California Constitution and section 1382.  The People's July 1, 2020, response acknowledged that the propriety of defendant's pending motion depended on whether defendant's March 18, 2020, trial date was extended by virtue of a district attorney request to continue for good cause or whether the extension was a result of implementation of COVID-19 emergency orders.  Acknowledging the possibility that dismissal could be appropriate, the People requested to immediately refile the case under the same docket number in accordance with sections 1387 and 1387.1 in the event dismissal was granted.  Defendant's reply brief attached a reporter's transcript of the

3

March 18, 2020, hearing and other materials that made clear the emergency orders were contemplated when the trial date of March 28 was extended at the request of the district attorney.

Thereafter, at the July 8, 2020, hearing on defendant's motion, the trial court granted the district attorney's request to dismiss the child sexual assault case for noncompliance with defendant's section 1382 speedy trial right rather than litigate whether that right had been violated, and defendant stipulated to the refiling of the matter with the same case number. The People refused defendant's offer to waive the necessity of a preliminary hearing, and defendant reentered his not guilty plea. (See § 1387.2.) While not expressly mentioned in the parties' briefing or at the hearing, it appears the trial court also dismissed and reinstated the prohibited firearm and ammunition case under the same terms. The court then set the preliminary hearing for both cases for August 12, 2020. Finally, the court made a finding of excusable neglect as agreed to by defendant's counsel due to the misunderstanding of the trial court and the district attorney concerning the reason for the March 18, 2020, continuance. (See § 1387.1)

On August 12, 2020, the trial court held a preliminary hearing and held defendant to answer against all refiled charges in the prohibited firearm and ammunition case, as well as the child sexual assault case and on uncharged conduct described by the district attorney. On August 27, 2020, defendant was arraigned on the informations and the matter put over for entry of defendant's not guilty pleas in both matters. On September 11, 2020, the trial court entered defendant's not guilty pleas and set the trial for November 5, 2020.

On October 21, 2020, a new public defender assigned to defendant's case made a request to continue the trial to January 25, 2021, and a limited time waiver was entered.

On January 4, 2021, the public defender's December 28, 2020, request to be relieved as counsel because of a case overload in that office was granted, and the matter continued until January 14, 2021.

4

On January 14, 2021, the trial court granted defendant's new attorney's request to continue the trial readiness conference and trial so that he could come up to speed on the matter. The minutes reflect the cases were continued several times to "set dates"[3] up to April 14, 2021.

On April 14, 2021, the trial court reset the trial readiness conference and trial for May 5 and May 10, 2021, respectively. On May 5, 2021, these dates were reset to May 13 and May 17 following the court's determination that there was good cause because of court congestion caused by the COVID-19 pandemic. These dates were altered on May 11, 2021, so that the trial setting conference and trial were both scheduled for May 14, 2021. On May 13, 2021, the trial setting conference and trial were moved to May 17, 2021.

On May 14, 2021, the People filed an amended information in the child sexual assault case charging defendant with sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b); counts one, three), lewd and lascivious acts with a child under the age of 14 (§ 288, subd. (a); counts two, four through eight), rape by means of force, violence, duress, or fear (§ 261, subd. (a)(2); count nine), and rape while the victim was under the influence of an intoxicating or anesthetic substance (§ 261, subd. (a)(3); count ten).

Also on May 14, 2021, the trial court addressed defendant's oral motion to dismiss the matter for alleged violations of defendant's right to a speedy trial under the Sixth Amendment to the United States Constitution, which defendant would be preserving, we assume for purposes of appeal, even if he resolved the cases by plea. Defendant argued that his right had been violated by delays leading to the dismissal of the case the first time and that another 259 days had passed since the case was refiled. Defendant's attorney acknowledged the delays were caused by COVID-19 (and associated court orders), as well

---

[3] We presume from the context that "set dates" intended trial readiness and trial dates.

5

as changes in defendant's counsel, but argued defendant "himself ha[d] never waived time for that."

At the trial court's request, the district attorney then recounted the procedural history of the case, including an extensive discussion of compliance with deadlines following the reinstitution of the action, leading to the last extension of the trial date to April 14, 2021, extending the 60-day deadline for bringing the cases to trial to June 14, 2021. The district attorney also relayed the history of emergency orders entered following the reinstitution of the action, which extended the last day for commencement of defendant's trial to June 7, 2021. Thus, by the People's calculation, defendant's statutory speedy trial right had not been violated under either set of calculations. When asked for comment on the People's recitation, defendant's attorney added only that when he took over and initially requested a new trial date, he did not entertain discussing with defendant a time waiver because he (defendant's attorney) had been in the case for only a few days and the trial date was within seven days, leaving defendant's attorney to believe there was good cause to continue based on not being prepared, but that defendant himself had not waived time then or at any point during his representation. As to whether defendant had been prejudiced by the delay, defendant's attorney argued the delay would have impacted the testimony to be elicited given the age of the victims and that investigating the case would become more difficult with time. In response, the court noted the allegations concerning defendant's misconduct stemmed from events occurring during the 2011 to 2017 time range, and thus, the recollections would have already not been fresh even without consideration of the COVID-19 pandemic. The People added law enforcement did not learn of the alleged misconduct until March 2019 and the special assault forensic investigation proceeded within a month thus memorializing the audio and video of the minor victim.

Thereafter, the trial court ruled there was no violation of defendant's right to a speedy trial under the Sixth Amendment to the United States Constitution. Evaluating the

6

matter according to *Barker v. Wingo* (1972) 407 U.S. 514, the court found defendant's delay was "nothing remotely close" to the delay from that case. Further, while defendant asserted his right to a speedy trial early on, the delays were caused by the changes in counsel and necessary in order to have counsel prepared to represent defendant at trial. Moreover, there were delays caused by the COVID-19 pandemic, which had closed court operations for months. Finally, the court determined the People had not acted in bad faith or otherwise contributed to the delays in the case, and defendant had not been prejudiced by the delay.

Following the denial of his motion, defendant resolved both cases by pleading no contest to both counts in the prohibited firearm and ammunition case and no contest to counts two, four, five, six, seven, and nine in the child sexual assault case. In exchange, defendant would receive an agreed-upon aggregate prison sentence of 25 years and the balance of the charges would be dismissed. The stipulated factual basis for his pleas were stated on the record by the district attorney.[4] Defendant's reservation of his right to present his speedy trial arguments on appeal was expressly recognized.

At the sentencing hearing on August 6, 2021, the parties agreed to amend the plea agreement so that the stipulated aggregate prison term would be 25 years 4 months. Defendant reaffirmed his no contest pleas in light of this change. Thereafter, the trial court imposed the agreed-upon sentence with credit for 820 actual days, plus 123 conduct days

---

[4] We observe that the record reflects a factual basis recited as to all counts, including the year or range of years during which each crime was committed. Our review of the record reveals entries on the abstract of judgment for the date of commission of the offense to be in error when compared to the transcript of the plea and sentence on May 14, 2021, and August 6, 2021, respectively. These errors are found for counts four, five, six, and seven. The transcript of the plea reflecting a factual basis recited as the year(s) of commission of the offense for count four as between 2011 to 2017, and for count five and count six as between 2016 and 2017, and for count seven as 2018.

7

for a total of 943 days of custody credit in the child sexual assault case and one day of custody credit in the prohibited firearm and ammunition case.

The trial court further imposed a $1,000 restitution fine (§ 1202.4) and a suspended matching parole revocation restitution fine (§ 1202.45) in the prohibited firearm and ammunition case and a $6,200 restitution fine (§ 1202.4) and suspended matching parole revocation restitution fine (§ 1202.45) in the child sexual assault case. The court ordered defendant to pay victim restitution of $2,187 to reimburse the California Victim Compensation Board and retained jurisdiction to order victim restitution to the other victim in the child sexual assault case. Finally, the trial court ordered defendant to pay a $300 fine to the habitual offender program (§ 290.3) and a $90.65 main jail classification fee (Gov. Code, § 29550.2).

Defendant's request to file a notice of appeal under the constructive filing doctrine was granted by this court on August 12, 2022, and he obtained a certificate of probable cause. Appellate briefing in this matter was completed and the matter assigned to this panel for opinion on August 25, 2023.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant filed a supplemental brief which we understand to challenge the trial court's denial of his oral motion to dismiss in violation of his right to a speedy trial, as well as the effectiveness of counsel's advice resulting in defendant's acceptance of the plea and the legality of that plea.

8

I

*Speedy Trial Issues*

A.  Penal Code Section 1382

Defendant's supplemental brief raises a speedy trial objection, heard, and denied in the trial court.  We consider the statutory scheme of section 1382 as it applies to defendant's complaint that he was not brought to trial within 60 days of entry of plea on the information.[5]

Section 1382 provides in relevant part, "(a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases:  [¶] . . . [¶] (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information . . . ."

To the extent that the record shows defendant's right to a speedy trial under section 1382 was violated during the first filing of charges in the two cases, this violation was remedied by the subsequent dismissal of those charges prior to trial.  As we explain below, the second filing of charges in the same two cases started anew the section 1382 time frames and speedy trial analysis.  Furthermore, defendant does not demonstrate prejudice from the violation that occurred during the first filing.

During the first filing, noncompliance with the statutory deadline for bringing defendant's case to trial timely (§ 1382) occurred after his attorney went on medical leave and circumstances unique to defendant's case caused the district attorney and trial court to misinterpret the application of the COVID-19 emergency orders extending such deadlines. Defendant stipulated to the technical dismissal and refiling of the pending cases with the same case numbers, and the prohibited firearm and ammunition and child sexual assault

---

[5]    Our discussion here focuses on felony charges.  Discussion of the exception for the need to show prejudice on appeal for nonexcepted misdemeanors is not relevant here.  (See § 1387 & *People v. Davisbragdon* (2023) 94 Cal.App.5th Supp. 1.)

cases were set for a new preliminary hearing in accordance with the procedure contemplated by section 1387.2. This was the first dismissal of each of the prohibited firearm and ammunition and child sexual assault cases, and the refiling thereof was authorized by sections 1387 and 1387.2. (See, e.g., *Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1019 ["[f]elony prosecutions . . . are subject to a two-dismissal rule; two previous dismissals of charges for the same offense will bar a new felony charge"].)

Furthermore, our review does not disclose that defendant was prejudiced by the delay in bringing defendant to trial on the first filing of the felony charges. (See *People v. Davisbragdon*, *supra*, 94 Cal.App.5th at p. 4 Supp. [defendant seeking to invoke a statutory speedy trial violation on appeal following conviction must demonstrate prejudice].) The record does not show any of the refiled charges violated the statute of limitations or that the district attorney refiled charges more times than sections 1387 and 1387.1 would allow. Accordingly, we discern no statutory error in allowing the reinstitution of these actions and note that the deadlines contemplated by section 1382 were complied with following the reinstitution of the charges to which defendant eventually pled no contest.

B.  Sixth Amendment of the United States Constitution

We next consider the trial court's denial of defendant's oral motion to dismiss the prohibited firearm and ammunition and child sexual assault cases, alleging a violation of his right to speedy trial as protected by the Sixth Amendment to the United States Constitution. Having done so, we discern no abuse of discretion.

The trial court thoughtfully analyzed and applied *Barker v. Wingo*, *supra*, 407 U.S. at page 514 to the delays in defendant's case and determined his speedy trial rights had not been violated. The charges alleged wrongful conduct that was years old when filed. Moreover, witness statements were preserved by forensic interviews, defendant declined an earlier trial date, at one point entered a limited time waiver, and changed attorneys on more than one occasion. We acknowledge that some of the continuances were the product

10

of the COVID-19 pandemic, but the court and district attorney acted within the extended timelines then authorized by emergency orders, and defendant was in the same circumstance as other defendants waiting for trial during the pandemic. Accordingly, we find no error.

II

*Defendant's Remaining Allegations*

Defendant's supplemental brief alleges he is innocent of the charges brought against him and challenges the legality of his plea resolving the prohibited firearm and ammunition and child sexual assault cases. To the extent defendant alleges that his plea was not knowingly and/or voluntarily entered, his reasons for such are not supported by the record. He alleges various factors which he claims caused him to accept the plea agreement in this case. However, defendant does not cite to any portion of the record that supports his allegations. "Matters not presented by the record cannot, of course, be considered on the suggestion of counsel in briefs or in affidavits attached thereto." (*People v. Szeto* (1981) 29 Cal.3d 20, 35.) "We have appeals from parties seeking relief based on matters outside the appellate record, which we cannot review." (*Schmier v. Supreme Court* (2000) 78 Cal.App.4th 703, 711-712.)

We exercise our inherent authority to review the appellate record as to the legality of defendant's plea. Our review of the appellate record supports the trial court's finding that defendant's plea was freely, knowingly, and voluntarily made.[6]

A plea of no contest or guilty to a criminal charge must be freely, knowingly, and voluntarily made. "When a criminal defendant enters a guilty plea, the trial court is required to ensure that the plea is knowing and voluntary. (See *Boykin v. Alabama* (1969) 395 U.S. 238, 243-244 . . . (*Boykin*).) As a prophylactic measure, the court must

---

[6] Our analysis applies to each case, noting the trial court addressed each case, and the same issues referenced herein, in close order during the same proceeding.

11

inform the defendant of three constitutional rights -- the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers -- and solicit a personal waiver of each. (*People v. Howard* (1992) 1 Cal.4th 1132, 1179 . . . (*Howard*); see *Boykin*, at pp. 243-244; *In re Tahl* (1969) 1 Cal.3d 122, 130-133 . . . (*Tahl*).) Proper advisement and waiver of these rights, conducted with 'the utmost solicitude of which courts are capable,' are necessary 'to make sure [the accused] has a full understanding of what the plea connotes and of its consequence.' (*Boykin*, at pp. 243-244.)" (*People v. Cross* (2015) 61 Cal.4th 164, 170.)

Prior to taking the plea, the trial court held a lengthy session wherein the court explained the charges, and a factual basis for each count in each case was recited by the prosecutor in open court. Defendant and defendant's counsel agreed with the recited factual bases,[7] at one point being given time by the court to confer, at defendant's request. Thereafter, the court went on to explain the consequences of the plea. When asked by the court if defendant had any questions about the consequences of the plea, defendant responded, "No I do not."

The court then explained to defendant that by entering the plea of no contest the defendant was waiving his right to a jury trial, to confront witnesses, to present evidence, and to remain silent. Defendant stated he understood those rights and waived the same, to which defendant's counsel joined. After these advisements and waivers, the court stated, "Mr. Ackerman, I'm about to take your plea. [¶] Do you have any questions, sir?" Defendant responded, "No."

---

[7] Prior to the recitation of the factual bases, the trial court alerted defendant that at the end of the recitation, the court would ask defendant if defendant agreed with the factual bases for purposes of the plea. Defendant responded in agreement.

12

Thereafter, the court addressed each count individually. The court recited the facts alleged and inquired of defendant how he pled to each count. On each inquiry, defendant responded, "No contest."

At each stage of the plea proceeding, defendant responded in a coherent and responsive way. When defendant asked to speak with his attorney, the court provided time and stopped the proceeding. Thereafter, the plea proceeding continued with neither defendant nor counsel raising any concerns about the plea or about defendant's capacity to understand.

The defendant participated in the same manner at the sentencing hearing three months later. The court inquired of defendant whether defendant confirmed his pleas, to which defendant agreed.

The record of the plea and sentencing hearings demonstrates that defendant was informed by the court of the nature of the charges, the consequences of the plea, and the rights held by defendant. The record further demonstrates defendant knowingly, intelligently, and voluntarily waived his rights and entered the pleas of no contest to the charges on which defendant now stands convicted. The record before us supports the trial court's finding that the pleas were knowingly, intelligently, and voluntarily made.

To the extent defendant alleges trial counsel was ineffective in advising defendant to accept a plea deal, we must evaluate whether defendant received ineffective assistance of counsel on the record before us. (See *People v. Mickel* (2016) 2 Cal.5th 181, 198 [noting the difficulty of establishing ineffective assistance on direct appeal because the record often lacks information necessary to such claim].) Having done so, we cannot find there was no reasonable basis for defense counsel's recommendation that defendant dispose of these two cases where defendant was facing a sentence of life in prison by taking a plea giving him 25 years 4 months. (See, e.g., *id.* at p. 198 [a reviewing court may reverse only for a complained-of attorney error "if there is affirmative evidence that counsel had ' " 'no rational tactical purpose' " ' for an act[] or omission"].) This is

13

especially true in light of defendant's previous attorney's warning of the strength of the case against him, including defendant's admission during a pretext phone call.

III

*The Main Jail Classification Fee*

Finally, our review of the record has disclosed the erroneous imposition of a main jail classification fee of $90.65 (Gov. Code, § 29550.2) on August 6, 2021.  Effective July 1, 2021, Assembly Bill No. 1869 (2019-2020 Reg. Sess.) repealed Government Code section 29550.2.  (Stats. 2020, ch. 92, § 25.)  Accordingly, the trial court was without a valid basis to impose this fee, and we will modify the judgment to strike it.

## DISPOSITION

The judgment is modified to strike the $90.65 main jail classification fee imposed pursuant to Government Code section 29550.2.  The trial court is directed on remand to modify the abstract of judgment and minute order following sentencing in both the prohibited firearm and ammunition case and the child sexual assault case to reflect the striking of the main jail classification fee and also to conform these documents to reflect only the fines and fees *orally imposed* by the trial court at sentencing on August 6, 2021, and to remove any amounts erroneously included therein.  (See, e.g., *People v. Delgado* (2008) 43 Cal.4th 1059, 1070 [court's oral pronouncement of the judgment prevails over any conflicting language in the abstract of judgment].)  The trial court is further directed on remand to conform the abstract of judgment to reflect the recited, and accepted, year(s) of offense for each count on which defendant stands convicted.

Finding no other errors that would result in a disposition more favorable to defendant, we affirm the judgment as modified.


_____/s/_____
Keithley, J.*


We concur:


_____/s/_____
Earl, P. J.


_____/s/_____
Mesiwala, J.

_____

\*      Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15